Affirmed and Memorandum Opinion filed July 5, 2005









Affirmed and Memorandum Opinion filed July 5, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01185-CR

_______________

 

DONALD WAYNE LEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On
Appeal from the 337th District Court

Harris
County, Texas

Trial
Court Cause No. 935,629

__________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Donald
Lewis appeals a conviction for possession with the intent to deliver a
controlled substance[1]
on the grounds that: (1) the evidence was legally and factually insufficient to
support the verdict; and (2) the trial court erred in denying his motion to
suppress evidence obtained during a vehicle search.  We affirm.

Appellant=s first issue contends that the evidence
of affirmative links was legally and factually insufficient to prove that
appellant was in possession of the cocaine.








In
reviewing legal sufficiency, we look at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Vodochodsky
v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005).  In a factual sufficiency review, we view all
the evidence in a neutral light, compare the evidence supporting guilt with
that disproving it, and set aside the verdict if the proof of guilt is either:
(1) so obviously weak as to undermine confidence in the jury=s determination; or (2) greatly
outweighed by contrary proof.  Id.
at 510.

A
conviction for unlawful possession of a controlled substance requires proof
that the accused: (1) exercised control, management, or care over the
substance; and (2) knew it was contraband. 
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005).  Whether the evidence is direct or
circumstantial, it must establish that the accused=s connection to the substance was
more than fortuitous.  Id. at
405-06.  Therefore, where the accused is
not in exclusive possession of the place where the substance is found,
additional facts must affirmatively link the accused to the substance, i.e.,
beyond those merely linking him to the place. 
Id. at 406.  However, the
affirmative links evidence need not prove that the accused had sole possession
of the contraband, but only that he knew of the drugs and constructively
possessed them.  Id. at 412.








In
this case, officers found over 50 grams of cocaine in a blue box on the floor
of a car appellant was driving as the sole occupant.  Appellant had not stopped immediately when
the officers turned on their emergency lights to pull him over for a traffic
violation, and was nervous and evasive when they asked him for his driver’s
license and the name of the owner of the car. 
When officers patted appellant down, they found $3855, which a drug dog
later alerted as having a scent odor of narcotics.  Appellant told the officers that there was
only $800 in cash and that he had gotten it from his job at United
Rentals.  However, the evidence showed
that appellant had not worked there for roughly four months.  While appellant was seated in the patrol car,
he asked whether the officers had gotten the blue box, but would not respond
when officers asked what was inside it. 
This evidence is legally sufficient to prove that appellant was in
possession of the cocaine in the blue box.

In
challenging factual sufficiency, appellant relies on evidence that the vehicle
did not belong to him, he was just test driving it, there was no contraband in
plain view or on appellant=s person, the blue box did not have his fingerprints on it,
and he did not know what was inside it. 
Although there is conflicting evidence regarding appellant=s knowledge of the cocaine in the
blue box, the contrary evidence does not so greatly outweigh the supporting
evidence as to render it factually insufficient.  Accordingly, appellant=s first and second issues are
overruled.

Issues
three, four, and five contend that the trial court erred in denying appellant=s motion to suppress the contraband
because it was obtained in an illegal search of the blue box.  However, appellant did not request or obtain
a ruling on his motion to suppress until nearly the end of the State=s evidence.  By that time, two investigating officers and
a canine officer had testified extensively (and without objection) that the
substance in the blue container had been field tested positively as cocaine.[2]  In addition, although the motion to suppress
was denied, the record does not reflect that the cocaine was ever offered or
admitted into evidence.  Under these
circumstances, appellant=s third, fourth, and fifth issues fail to show that the
denial of the motion to suppress resulted in any evidence being admitted that
was not already before the jury. 
Accordingly, those issues are overruled, and the judgment of the trial
court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 5, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment of twelve years
confinement.  See Tex. Health & Safety Code Ann. ' 481.112 (Vernon 2003).





[2]           See,
e.g., Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (reciting
that any error in the admission of evidence is cured when the same evidence
comes in elsewhere without objection).