Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-07-00484-CR

Roy A. **TURNER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-7367
Honorable Mary Roman, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed:    July 30, 2008

AFFIRMED

A jury found defendant, Roy A. Turner, guilty of aggravated assault with a deadly weapon and assessed punishment at fifty years' confinement. On appeal, defendant complains: (1) the evidence was legally and factually insufficient to support the conviction, and (2) the court abused its discretion when it admitted evidence of acts defendant committed subsequent to the charged offense. We affirm.

## LEGAL AND FACTUAL SUFFICIENCY

Defendant asserts the evidence is both legally and factually insufficient to support his conviction for aggravated assault. More specifically, he contends that because no witness testified that defendant was the person who shot the victim, Russell Ward, the State did not prove all the elements of the offense.

We review the legal sufficiency of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). We review the factual sufficiency of the evidence by considering all the evidence in a neutral light and reversing only when: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, and (2) the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). "A reversal for factual insufficiency cannot occur when 'the greater weight and preponderance of the evidence actually favors conviction.'" *Id.* (quoting *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006)). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; therefore, reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury is also permitted to make reasonable inferences from the evidence. *Id.* at 254-55. Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Ward testified that on the day of the shooting, he walked out of his apartment to find someone who would lend him a phone. He saw a man he recognized – Glenn "Wax" Miller – emerge from a teal blue vehicle and they exchanged greetings. Ward then saw defendant, with whom he had had at least two prior confrontations, emerge from behind the car. Each spoke briefly to the other in a manner Ward and a witness described as confrontational. It was at that moment defendant raised a revolver and began shooting at Ward, who turned and ran. Two witnesses – Ward's mother and a neighbor, Dawayne Huggins – also testified they saw defendant shooting the gun. One bullet struck Ward in the back. Defendant jumped into Miller's car and they fled the scene.

When EMS and police arrived, Ward described Miller's teal blue vehicle, told them where Miller lived on Dorie Street, and described defendant's distinctive white patch of hair. Fifteen or twenty minutes after the shooting, San Antonio Police Department Officer Rene Salas observed Miller and defendant walk into a house in the 500 block of Dorie Street. About a minute later, the officer said, the pair emerged from the house and he detained defendant. The owner of the house permitted police to search only her living room, and police never located the gun. Police brought Huggins, who saw defendant firing the gun, to the Dorie Street location where defendant was detained, and he identified defendant as the shooter. Police then transported defendant to the department's homicide unit, where an evidence technician conducted a gunshot residue test on him. A forensic scientist testified the samples taken from the residue test indicated the defendant may have discharged a firearm, handled a discharged firearm, or been near such a firearm.

Having reviewed the record, we conclude the evidence is legally and factually sufficient to sustain defendant's conviction.

# EXTRANEOUS OFFENSES

In his second issue, defendant complains the court erred when it permitted Ward to give his testimony describing two threats defendant made against him in September 2005. Defendant contends the evidence was inadmissible because it was (1) unfairly prejudicial under Texas Rule of Evidence 403 and (2) prohibited character evidence under Texas Rule of Evidence 404(b).

At trial, the testimony established that, while free on bond, defendant twice threatened Ward in September 2005. In the first incident, Ward said he saw defendant in his own vehicle, telling Ward, "come here, let me talk to you, let me talk to you for minute." Ward said he backed away from defendant's vehicle, and defendant got out of his car and told Ward to stay away from defendant's girlfriend and nephew. Ward reported the incident to police. In the second incident, Ward was walking on a sidewalk when defendant passed by him in the same car he had been in the day he shot Ward. The car made a U-turn and Ward ran into a nearby business. Ward and an employee at the business testified defendant followed him into the building. The employee ordered defendant to leave, and he complied. Ward gave a statement to police at the business, and the employee later identified defendant at trial.

Defendant objected to Ward's testimony regarding these subsequent threats. Defendant failed, however, to object to the same evidence offered by two San Antonio police officers and the employee of the business Ward ran into during the second incident. A party must object each time the inadmissible evidence is offered. *Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004). "An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Id*. Because defendant did not object each time the complained-of testimony was offered, he has failed to preserve error for our review.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice


Do not publish