IN RE N&T SPECIALTY WELDING






NO. 07-08-0369-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 25, 2008

______________________________

IN RE N & T SPECIALTY WELDING & MANUFACTURING, INC.
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER ON RELATORâS MOTION FOR TEMPORARY RELIEF
Â Â Â Â Â Â Â Â Â Â Â Â Relator, N & T Specialty Welding & Manufacturing, Inc., has filed a Motion for
Temporary Relief pending this Courtâs determination of the issues raised in relatorâs
Petition for Writ of Mandamus. In its Petition for Writ of Mandamus, relator contends that
the trial court abused its discretion by signing an Electronic Discovery Protocol Order and
by allowing certain financial information to be reviewed by relatorâs competitors. Relator
contends that it will have no adequate remedy by appeal if relator is required to comply with
respondentâs Electronic Discovery Protocol Order. 
Â Â Â Â Â Â Â Â Â Â Pending this Courtâs actions on the Petition for Writ of Mandamus, a relator may file
for temporary relief. Tex. R. App. P. 52.9. This Court may without notice grant any just
relief pending the Courtâs action on the petition. Tex. R. App. P. 52.10(b). 
Â Â Â Â Â Â Â Â Â Â In the underlying proceeding, Crall Products, Inc. filed its original petition against
relator on December 2, 2005. Other than relatorâs Requests for Disclosures,
Interrogatories and Request for Production of Documents, no action was taken on the case
until relator filed its Motion to Dismiss for Want of Prosecution on September 24, 2007. 
In June of 2008, an intervenor who was assigned Crall Products, Inc.âs interest in the
lawsuit petitioned the trial court for an Adoption of a Discovery Control Plan which
eventually led to the signing of an Electronic Discovery Protocol Order on September 10,
2008. 
Â Â Â Â Â Â Â Â Â Â We conclude that, considering that no action was taken on the lawsuit for almost
two years and that relatorâs petition has raised a serious question that merits further
consideration, relator is entitled to temporary relief in the underlying proceeding until this
Court determines the issues contained in relatorâs Petition for Writ of Mandamus.
Â Â Â Â Â Â Â Â Â Â Therefore, by order of the court, any further proceedings regarding respondentâs
Electronic Discovery Protocol Order and Protective Order and relatorâs compliance with
such order in the underlying suit are hereby stayed pending further order of the Court or
this Courtâs determination of relatorâs Writ of Mandamus. See Tex. R. App. P. 52.10(b). 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0397-CR

Â 

IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL C

Â 



MARCH  10, 2011

Â 



Â 

SAMMY PINEDA, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant


v.

Â 

THE STATE OF TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

___________________________

Â 

FROM THE 140th DISTRICT COURT OF LUBBOCK
COUNTY;

Â 

NO. 2008-418,759; HONORABLE JIM BOB
DARNELL, PRESIDING

Â 



Â 

Memorandum
Opinion

Â 



Â 

Before QUINN, C.J., and HANCOCKÂ  and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  A jury
convicted Sammy Pineda of three counts of aggravated sexual assault of his
stepdaughter.Â  He challenges those convictions
by contending the trial court erred in 1) admitting hearsay evidence, and 2)
denying his challenges for cause to three venire members.Â  We affirm the judgments.

Â Â Â Â Â Â Â Â Â Â Â  Issue 1 Â Hearsay Evidence

Â Â Â Â Â Â Â Â Â Â Â  In his first issue, appellant argues
that the trial court abused its discretion in admitting testimony from Patti
Hensley, a school nurse to whom the victim made an outcry, that appellant had
initially denied the allegations to the childÂs mother but later admitted
them.Â  The issue is overruled.Â  

We note that this same evidence came before
the jury at other times without objection.Â 
For instance, the victimÂs mother testified that she confronted
appellant about the allegations and he denied them until she brought the victim
into the room, at which time he admitted touching her inappropriately.Â  The mother also stated that appellant tried
to blame the victim for his behavior.Â  Furthermore,
the victimÂs grandmother testified that appellant indicated to her he was
guilty. Â So, any error in the admission
of the evidence was cured when the same evidence came in elsewhere without
objection.Â  Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Â Â 

Â Â Â Â Â Â Â Â Â Â Â  Issues 2 Â 4 - Challenges for Cause

Â Â Â Â Â Â Â Â Â Â Â  In his
remaining issues, appellant complains of the trial courtÂs failure to grant his
challenges for cause to venire members Timothy Gore, Jeff Butler, and Shanika
Johnson.Â  We overrule the issues.

Â Â Â Â Â Â Â Â Â Â Â  Appellant
had the burden to prove that his challenges for cause were proper.Â  Gardner
v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009), cert. denied, __ U.S. __, 131 S.Ct. 103, 178 L.Ed.2d 64 (2010). Â Furthermore, if a juror cannot consider the
full range of punishment, which was the alleged problem here, he is subject to
removal for Â cause.Â  Standefer
v. State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001).Â  Yet, before a potential juror can be removed or
struck from the venire, the trial court must explain to him the law and ask whether
he can follow it regardless of his personal views.Â  Feldman
v. State, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002).Â  In other words, the venire member must be
able to keep an open mind with respect to punishment until he hears the
evidence.Â  Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999).Â  And, the mere fact that he cannot envision a
scenario during voir dire in which probation, for example, would be
appropriate, does not render him fatally biased.Â  Id.
Â Simply put, the venire memberÂs position
must be unequivocal for if there is vacillation or equivocation with respect to
his ability to follow the law or consider the entire range of punishment, then
we must defer to the trial courtÂs judgment or discretion.Â  Brown
v. State, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996); Borders v. State, No. 02-02-0178-CR, 2003 Tex. App. Lexis 5202, at *3 (Tex. App.ÂFort Worth
June 19, 2003, no pet.) (not designated for publication).Â  

Â Â Â Â Â Â Â Â Â Â Â  Here, Gore,
Butler, and Johnson initially expressed their inability to consider probation
for aggravated sexual assault.Â  However,
when the State presented Gore with a hypothetical of ÂconsensualÂ sex between a
perpetrator who was seventeen and an aggressive female victim who was thirteen,
Gore conceded that he would Âhave to hear the factsÂ although he again stated
it would be difficult to give probation.Â 
After more questioning, he stated that he could consider probation Â[i]f
the facts are very, very clearÂ and Âit better be a good case.ÂÂ  Finally, upon being asked by the court
whether he would Âkeep an open mind until you hear all the evidence, and be
able to tell us at this point in time that depending on the facts of the case
that you can give some thought or consideration to the possibility of probation
in addition to the penitentiary,Â Gore replied in the affirmative.Â Â  Â Â 

Â Â Â Â Â Â Â Â Â Â Â  With respect
to Johnson and Butler, they both stated at one point that the only scenario in
which they could consider probation was that scenario described in the StateÂs
hypothetical.[1]
Â Butler agreed that the only way he could
make a determination of whether probation was appropriate was when he heard the
evidence in the case.Â  Moreover, when the
court queried whether he understood that he was being asked if there was a
circumstance where he could consider probation, he stated, ÂYes, there
is.ÂÂ  Johnson indicated that Âsomething
likeÂ the hypothetical posed by the State would be something she would
ÂconsiderÂ for probation.Â  When she was
also asked if she could think of a situation where she could consider probation
as a possible punishment for the offense, she stated, ÂYes, sir.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Whether the
venire members in question couched their answers in relation to the StateÂs
hypothetical or not, the answers indicate that their purported inability to
consider probation was not unequivocal.Â Â 
They could consider it if an appropropriate scenario presented itself
(even though that scenario was not likely present at bar), and that was enough
to insulate the trial courtÂs decision from attack.Â  See
Emenhiser v. State, 196 S.W.3d 915, 928 (Tex. App.ÂFort Worth 2006, pet.
refÂd) (finding the trial court did not err in denying a challenge for cause
when the venire member said he could not consider probation but also said he
could consider probation); Borders v.
State, supra (stating that the trial court did not err when denying the
challenge because the tenor of the responses indicated that the venire member
Âwould give probation some considerationÂ even though the memberÂs comments
left little hope to think that would occur in appellantÂs favor).

Â Â Â Â Â Â Â Â Â Â Â  

Accordingly, the judgments are affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Do not publish. 

Â 








Â 











[1]To
the extent that appellant complains that the StateÂs hypothetical was in
essence a ÂcommitmentÂ question, he did not object to it at trial on that basis.Â  So, that issue was waived.Â Â Â