NO. 07-09-0397-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH  10, 2011

 



 

SAMMY PINEDA, 

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 140th DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-418,759; HONORABLE JIM BOB
DARNELL, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

            A jury
convicted Sammy Pineda of three counts of aggravated sexual assault of his
stepdaughter.  He challenges those convictions
by contending the trial court erred in 1) admitting hearsay evidence, and 2)
denying his challenges for cause to three venire members.  We affirm the judgments.

            Issue 1 – Hearsay Evidence

            In his first issue, appellant argues
that the trial court abused its discretion in admitting testimony from Patti
Hensley, a school nurse to whom the victim made an outcry, that appellant had
initially denied the allegations to the child’s mother but later admitted
them.  The issue is overruled.  

We note that this same evidence came before
the jury at other times without objection. 
For instance, the victim’s mother testified that she confronted
appellant about the allegations and he denied them until she brought the victim
into the room, at which time he admitted touching her inappropriately.  The mother also stated that appellant tried
to blame the victim for his behavior.  Furthermore,
the victim’s grandmother testified that appellant indicated to her he was
guilty.  So, any error in the admission
of the evidence was cured when the same evidence came in elsewhere without
objection.  Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004).   

            Issues 2 – 4 - Challenges for Cause

            In his
remaining issues, appellant complains of the trial court’s failure to grant his
challenges for cause to venire members Timothy Gore, Jeff Butler, and Shanika
Johnson.  We overrule the issues.

            Appellant
had the burden to prove that his challenges for cause were proper.  Gardner
v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009), cert. denied, __ U.S. __, 131 S.Ct. 103, 178 L.Ed.2d 64 (2010).  Furthermore, if a juror cannot consider the
full range of punishment, which was the alleged problem here, he is subject to
removal for  cause.  Standefer
v. State, 59 S.W.3d 177, 181 (Tex. Crim. App. 2001).  Yet, before a potential juror can be removed or
struck from the venire, the trial court must explain to him the law and ask whether
he can follow it regardless of his personal views.  Feldman
v. State, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002).  In other words, the venire member must be
able to keep an open mind with respect to punishment until he hears the
evidence.  Ladd v. State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999).  And, the mere fact that he cannot envision a
scenario during voir dire in which probation, for example, would be
appropriate, does not render him fatally biased.  Id.
 Simply put, the venire member’s position
must be unequivocal for if there is vacillation or equivocation with respect to
his ability to follow the law or consider the entire range of punishment, then
we must defer to the trial court’s judgment or discretion.  Brown
v. State, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996); Borders v. State, No. 02-02-0178-CR, 2003 Tex. App. Lexis 5202, at *3 (Tex. App.–Fort Worth
June 19, 2003, no pet.) (not designated for publication).  

            Here, Gore,
Butler, and Johnson initially expressed their inability to consider probation
for aggravated sexual assault.  However,
when the State presented Gore with a hypothetical of “consensual” sex between a
perpetrator who was seventeen and an aggressive female victim who was thirteen,
Gore conceded that he would “have to hear the facts” although he again stated
it would be difficult to give probation. 
After more questioning, he stated that he could consider probation “[i]f
the facts are very, very clear” and “it better be a good case.”  Finally, upon being asked by the court
whether he would “keep an open mind until you hear all the evidence, and be
able to tell us at this point in time that depending on the facts of the case
that you can give some thought or consideration to the possibility of probation
in addition to the penitentiary,” Gore replied in the affirmative.     

            With respect
to Johnson and Butler, they both stated at one point that the only scenario in
which they could consider probation was that scenario described in the State’s
hypothetical.[1]
 Butler agreed that the only way he could
make a determination of whether probation was appropriate was when he heard the
evidence in the case.  Moreover, when the
court queried whether he understood that he was being asked if there was a
circumstance where he could consider probation, he stated, “Yes, there
is.”  Johnson indicated that “something
like” the hypothetical posed by the State would be something she would
“consider” for probation.  When she was
also asked if she could think of a situation where she could consider probation
as a possible punishment for the offense, she stated, “Yes, sir.”  

            Whether the
venire members in question couched their answers in relation to the State’s
hypothetical or not, the answers indicate that their purported inability to
consider probation was not unequivocal.  
They could consider it if an appropropriate scenario presented itself
(even though that scenario was not likely present at bar), and that was enough
to insulate the trial court’s decision from attack.  See
Emenhiser v. State, 196 S.W.3d 915, 928 (Tex. App.–Fort Worth 2006, pet.
ref’d) (finding the trial court did not err in denying a challenge for cause
when the venire member said he could not consider probation but also said he
could consider probation); Borders v.
State, supra (stating that the trial court did not err when denying the
challenge because the tenor of the responses indicated that the venire member
“would give probation some consideration” even though the member’s comments
left little hope to think that would occur in appellant’s favor).

            

Accordingly, the judgments are affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not publish. 

 








 











[1]To
the extent that appellant complains that the State’s hypothetical was in
essence a “commitment” question, he did not object to it at trial on that basis.  So, that issue was waived.