

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00314-CR

COLT J. WALKER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Colt J. Walker appeals the judgment adjudicating his guilt for the offense of aggravated assault with a deadly weapon. Appellant pleaded guilty to the offense in 2006, and the trial court deferred adjudication and placed him on ten years' community supervision. In 2010, the State filed a petition to proceed to adjudication, alleging that Appellant had committed the new offense of delivery of a controlled substance in violation of the terms of his community supervision.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant pleaded not true to the allegation in the petition. The trial court conducted an evidentiary hearing, found the allegation in the petition true, and sentenced Appellant to eight years' confinement. Appellant contends in one point that the trial court abused its discretion by admitting his oral statement into evidence because the oral statement was not taken in compliance with code of criminal procedure article 38.22, section 3[2] and that there is otherwise no evidence that he violated the terms of his community supervision. We affirm.

## II. Background

Parker County Sheriff's Office Investigator Ann Hollis testified at the adjudication hearing that she learned in September 2009 that a woman named Janelle Smith wanted to sell some hydrocodone pills. Investigator Hollis then arranged for Smith to call Parker County Sheriff's Office Investigator Kevin Hilliard, who was working undercover. Smith contacted Investigator Hilliard, and they arranged to meet in a Fort Worth grocery store parking lot for Smith to sell pills to Investigator Hilliard.

Investigator Hilliard testified that Smith arrived at the meeting place in an Isuzu vehicle. However, Smith was the passenger, and Appellant was driving. Appellant parked the Isuzu next to Investigator Hilliard's truck, and Smith exited the Isuzu and entered the passenger door of Investigator Hilliard's truck. After Smith and Investigator Hilliard negotiated a price for the pills and completed the

---

[2]See Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West 2005).

2

drug transaction, Smith exited the truck, Investigator Hilliard gave the bust signal to his backup officers, and Smith was arrested.

Appellant was also removed from the Isuzu, handcuffed, and questioned by two different officers. Investigator Montenez, one of the backup officers, interviewed Appellant first and recorded the interview on a hand-held recorder. Investigator Montenez read Appellant his *Miranda* rights, and the recording contains that exchange. Investigator Hilliard was interviewing Smith while Investigator Montenez interviewed Appellant, but Investigator Hilliard testified that he was "in the area" and "heard bits and pieces" of Appellant's interview by Investigator Montenez.

Investigator Hilliard also interviewed Appellant, and Investigator Hilliard recorded his interview of Appellant on a different recording device than the one used by Investigator Montenez. The recording of Investigator Hilliard's interview does not contain any *Miranda* warnings. Between the two interviews, Investigators Montenez and Hilliard discussed Appellant's statements to Investigator Montenez. Appellant told Investigator Hilliard during the second interview that Smith was his aunt, that he was there to provide security for Smith while she sold pills to someone neither of them knew, and that he knew thirty minutes before the transaction that Smith was intending to sell pills.

When the State offered the recorded interview by Investigator Hilliard into evidence, Appellant objected and argued among other things that the recording of Hilliard's interview did not satisfy the requirements of code of criminal procedure article 38.22. Appellant did not, however, object to any of Investigator

3

Hilliard's testimony about what Appellant told him during the recorded interview, including his admissions that he knew about the drug transaction thirty minutes before it occurred and that he was there to provide security for Smith.

Appellant testified during the hearing and denied that he knew Smith was going to the grocery store to sell drugs. He testified that Smith called him before he got off work, that she was upset about a fight with her husband, and that she talked about needing to find a new place to live. Appellant also testified that he agreed to drive Smith to meet her friend because of how upset she was. He testified that he would not have gone had he known why Smith actually wanted to go to the grocery store.

Appellant testified that he remembered Investigator Montenez reading him his *Miranda* rights, that he told Investigator Montenez that he did not have anything to do with Smith's drug transaction, and that there was "a little bit of a gap" between his interviews by Investigators Montenez and Hilliard. Appellant agreed that he admitted to Investigator Hilliard that he knew Smith's purpose in going to the grocery store to meet her friend, but he testified that he did so only because Investigator Hilliard told him he could go home if he did. Appellant testified that he would not have otherwise said so and reiterated that he did not know Smith's reason for going to the grocery store.

## III. Discussion

Appellant contends in his sole point that the trial court abused its discretion by admitting the oral statement he gave to Investigator Hilliard because the statement does not comply with code of criminal procedure article 38.22, section

4

3. Specifically, Appellant contends that the recorded statement taken by Investigator Hilliard does not independently meet article 38.22, section 3's requirements because it does not also contain the required statutory warnings. The State responds that Appellant failed to preserve this complaint for review because he did not object to Investigator Hilliard's testimony about the incriminating statements Appellant made in the recorded statement.

A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Error concerning the admission of an exhibit is harmless when there is no objection to testimony describing the content or substance of the objected-to exhibit. *See Chamberlain v. State*, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999) (overruling issue concerning admission of trial exhibit because sponsoring witness testified about the information contained in the exhibit without objection), *cert. denied*, 528 U.S. 1082 (2000); *see also Bradley v. State*, Nos. 14-08-00038-CR, 14-08-00039-CR, 2008 WL 4647289, at *4 (Tex. App.—Houston [14th Dist.] Oct. 21, 2008, pet. ref'd) (mem. op., not designated for publication) (holding relevance objection to trial exhibits not preserved for appeal because testifying officer testified without objection about each of the exhibits); *Aranda v. State*, No. 13-03-00302-CR, 2004 WL 5357628, at *2 (Tex. App.—Corpus Christi Nov. 18, 2004, no pet.) (mem. op., not designated for publication) (holding any error in

admission of hearsay exhibit harmless because same information subsequently introduced without objection).

Here, Appellant appropriately objected when the State offered into evidence the recorded interview by Investigator Hilliard, arguing that the recording was not admissible under code of criminal procedure article 38.22 because the recording did not contain the statutorily required warnings. However, Appellant did not object when Investigator Hilliard testified about the statements Appellant made to him, which are contained in the recording. Because Appellant did not object to Investigator Hilliard's testimony about the content contained in the recorded statement, any alleged error in the admission of the recorded statement is harmless. *See, e.g.*, *Chamberlain*, 998 S.W.2d at 235. We therefore overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 26, 2012