IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1122-03






LON KIEFERDORF LANE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS (1)


DALLAS COUNTY






 Holcomb J., delivered the opinion of the Court, in which Keller, P.J., and Meyers,
Price, Womack, Keasler, Hervey, and Cochran, JJ., joined. Johnson, J.,
concurred as to Part II and joined Part III.



OPINION




 This case presents two questions: (1) whether the court of appeals erred in holding that the
evidence presented at appellant's trial was legally sufficient to prove that he used a deadly weapon
during the commission of his offense, and (2) whether the court of appeals erred in holding that the
trial court did not err in admitting into evidence certain out-of-court statements of the victim. We
answer both questions in the negative and affirm the judgment of the court of appeals.

I


 On February 21, 2001, a Dallas County grand jury presented an indictment that charged
appellant with aggravated assault under Texas Penal Code § 22.02(a)(1) and (2). (2) The indictment
also charged, for punishment enhancement purposes, that appellant had two previous felony
convictions. See Tex. Pen. Code § 12.42(d). 

 On August 14, 2001, the State brought appellant to trial under the indictment. At the
guilt/innocence stage of trial, the State presented five witnesses and numerous exhibits in an attempt
to prove its case, and appellant presented two witnesses in his defense. The heart of the State's case
was certain out-of-court statements of the victim, in which statements the victim claimed appellant
assaulted her. (3) Those out-of-court statements came into evidence, sometimes over appellant's
objection and sometimes not, through the testimony of a paramedic, a nurse, and two police officers
as well as through the victim's hospital records. 

 Viewed in the light most favorable to the State, (4) the evidence presented at appellant's trial
established the following: On January 20, 2001, at approximately 12:30 a.m., appellant and his wife,
Cindy Lane, argued at their home over his alleged marital infidelity. In the course of the argument,
appellant struck Ms. Lane in the head several times with his closed fist, causing her to fall from a
chair, in which she had been sitting, onto the floor. After Ms. Lane fell to the floor, appellant kicked
her in the lower back and chest. As a result of appellant's assault, Ms. Lane suffered a concussion
to the brain and temporarily lost consciousness. She further suffered bruising to her scalp, right
temple, chest, and hand. Appellant summoned emergency medical personnel, who examined Ms.
Lane at the scene and then transported her by ambulance to a nearby hospital for further examination. 
In the hours that followed the assault, Ms. Lane suffered from nausea, vomiting, dizziness, and
considerable pain in her head, neck, chest, and back.

 The evidence presented at trial - specifically, the testimony of the paramedic, the nurse, and
the two police officers - also established that a closed fist striking a person's head, or a foot striking
a person's back or chest, could cause serious physical injury.

 After the presentation of the evidence, the trial court instructed the jury, in accordance with
the indictment, that it (i.e., the jury) could convict appellant of aggravated assault if it found beyond
a reasonable doubt either (1) that appellant intentionally, knowingly, or recklessly caused bodily
injury to the victim by striking her with his hand or by kicking her with his foot, and that in doing
so appellant either used or exhibited a deadly weapon, to wit: his hand or his foot, or (2) that
appellant intentionally, knowingly, or recklessly caused serious bodily injury to the victim by striking
her with his hand or by kicking her with his foot, and that in doing so appellant either used or
exhibited a deadly weapon, to wit: his hand or his foot. The trial court also instructed the jury as to
the statutory definitions of "bodily injury," "serious bodily injury," and "deadly weapon." See
footnote two, supra. 

 The jury, after deliberating, found appellant guilty "as alleged in the indictment." The trial
court later assessed appellant's punishment, enhanced by the two prior felony convictions, at
imprisonment for 35 years.

 On direct appeal, appellant brought two points of error. In his first point of error, he argued
that the evidence presented at his trial was "legally insufficient . . . to prove beyond a reasonable
doubt [either that he] caused bodily injury to the complainant while using or exhibiting a deadly
weapon [or that he] caused serious bodily injury to the complainant by hitting and kicking." In
particular, appellant argued that, "[i]f the State's evidence [was] deemed [legally] sufficient, then
every misdemeanor assault could be prosecuted as a felony, since in every case where a defendant
physically assaults another person, his hands could be considered deadly weapons." In his second
point of error, appellant argued that the trial court erred in admitting the victim's out-of-court
statements into evidence through the testimony of the paramedic, the nurse, and the two police
officers.

 On June 5, 2003, the Eleventh Court of Appeals overruled both of appellant's points of error
and affirmed the judgment of the trial court. Lane v. State, 111 S.W.3d 203 (Tex.App.-Eastland
2003). With respect to appellant's first point of error, the court of appeals agreed with him that the
evidence presented at trial was legally insufficient to prove that he caused serious bodily injury to
the victim, but the court held nonetheless that the evidence was legally sufficient to prove that he
caused bodily injury to the victim and that in doing so he used a deadly weapon, to wit: his hand or
his foot. Id. at 210. With respect to appellant's second point of error, the court of appeals upheld
the trial court's admission of the victim's out-of-court statements through the testimony of the
paramedic, the nurse, and the two police officers, because, according to the court of appeals, the
testimony in question was admissible under the "excited utterance" exception to the hearsay rule. 
Id. at 211. See Tex. R. Evid. 803(2). The court of appeals also held that the testimony in question
of the paramedic and the nurse was admissible under the "medical diagnosis" exception to the
hearsay rule. Lane v. State, 111 S.W.3d at 211. See Tex. R. Evid. 803(4). 

 Appellant subsequently filed a petition for discretionary review raising two grounds for
review. In his first ground, appellant argued that the court of appeals erred in holding that the
evidence presented at trial was legally sufficient to prove that he used a deadly weapon during the
commission of his offense. In his second ground, appellant argued that the court of appeals erred
in upholding, under the "excited utterance" exception to the hearsay rule, the trial court's admission
of the victim's out-of-court statements through the testimony of the paramedic, the nurse, and the
two police officers. Significantly, appellant did not challenge the court of appeals' holding that,
under the "medical diagnosis" exception to the hearsay rule, the trial court did not err in admitting
the out-of-court statements of the victim through the testimony of the paramedic and the nurse.

 On January 28, 2004, we granted appellant's petition for discretionary review in order to
determine whether either of his grounds for review has any merit. See Tex. R. App. Proc. 66.3(c)
& (d).

II


 We turn now to appellant's first ground for review. As we noted in footnote two, supra,
Texas Penal Code § 1.07(a)(17) provides, in relevant part, that a "deadly weapon" is "anything that
in the manner of its use or intended use is capable of causing death or serious bodily injury." As we
also noted in footnote two, Texas Penal Code § 1.07(a)(46) provides that "'serious bodily injury'
means bodily injury that creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily member or organ." We
have recognized before that a hand or a foot may be a deadly weapon within the meaning of §
1.07(a)(17) "depending upon the evidence shown." Turner v. State, 664 S.W.2d 86, 90
(Tex.Crim.App. 1983). (5) We have also recognized that the injuries, if any, inflicted on the victim are
factors to be considered in determining whether a hand or a foot was used as a deadly weapon. Ibid. 
The question we must answer now is whether the court of appeals erred in holding that the evidence
presented at appellant's trial was legally sufficient to prove that, during the commission of his
offense, he used his hand or his foot as a deadly weapon.

 In assessing the legal sufficiency of the evidence, under the Due Process Clause of the
Fourteenth Amendment, to support a conviction, an appellate court must consider all the record
evidence in the light most favorable to the prosecution and determine whether, based on that
evidence and reasonable inferences therefrom, any rational trier of fact could have found the
defendant guilty of all the elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Griffin v. State, 614 S.W.2d 155, 158-159 (Tex.Crim.App. 1981). "In
carrying out our task, we remain cognizant that 'proof beyond a reasonable doubt' means proof to
a high degree of certainty." Urbano v. State, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992).

 As we noted previously, the evidence presented at appellant's trial, viewed in the light most
favorable to the prosecution, established that he struck the victim in the head several times with his
closed fist, knocking her to the floor, and that he then kicked her in the lower back and chest. As
a result of appellant's assault, the victim suffered a concussion to the brain, bruising, and temporary
loss of consciousness. Furthermore, in the hours after the assault, the victim suffered from nausea,
vomiting, dizziness, and considerable pain in several parts of her body. There was also evidence
presented at trial - from a paramedic, a nurse, and two police officers - that a closed fist striking a
person's head, or a foot striking a person's back or chest, could cause serious physical injury. After
due consideration and taking into account all of the specific acts and injuries, we find that the
evidence presented at appellant's trial was sufficient to persuade a rational trier of fact beyond a
reasonable doubt that appellant used both his hand and his foot as "deadly weapons" within the
meaning of that phrase as defined by the Penal Code. Thus, the court of appeals did not err. We
overrule appellant's first ground for review.

III


 We turn next to appellant's second ground for review. As we noted previously, appellant
argued, in his petition for discretionary review, that the court of appeals erred in upholding, under
the "excited utterance" exception to the hearsay rule, the trial court's admission of the victim's out-of-court statements through the testimony of the paramedic, the nurse, and the two police officers. 
As we also noted previously, appellant, in his petition, did not challenge the court of appeals' other
holding that, under the "medical diagnosis" exception to the hearsay rule, the trial court did not err
in admitting the victim's out-of-court statements through the testimony of the paramedic and the
nurse. In these circumstances, the question of whether the court of appeals erred in holding that the
trial court did not err in admitting the victim's out-of-court statements through the testimony of the
paramedic and the nurse is not before us. Sims v. State, 792 S.W.2d 81, 82 (Tex.Crim.App. 1990). 
As Professors Dix and Dawson have explained,

 [i]f the court of appeals set out alternative grounds for its result, discretionary review
does not lie to review less than all of those grounds. A conclusion by the Court of
Criminal Appeals on less than all such grounds would not affect the outcome because
the judgment of the court of appeals would remain supported by the alternative
ground. 


G. Dix & R. Dawson, Texas Criminal Practice and Procedure § 44.30 at 869 (2nd ed. 2001).

 The question remaining is whether the court of appeals erred in upholding, under the "excited
utterance" exception to the hearsay rule, the trial court's admission of the victim's out-of-court
statements through the testimony of the two police officers. The record reflects that on eight separate
occasions during the guilt/innocence stage - twice during the paramedic's testimony, twice during
the nurse's testimony, twice during the first police officer's testimony, and twice in the victim's
hospital records - the victim's out-of-court statements came into evidence without appellant's
objection. In these circumstances, no reversible error is presented. As we explained in Valle v.
State, 109 S.W.3d 500, 509 (Tex.Crim.App. 2003),

 [t]o preserve error in admitting evidence, a party must make a proper objection and
get a ruling on that objection. In addition, a party must object each time the
inadmissible evidence is offered or obtain a running objection. An error [if any] in
the admission of evidence is cured where the same evidence comes in elsewhere
without objection.


See also Leday v. State, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998) ("Our rule . . . is that overruling
an objection to evidence will not result in reversal when other such evidence was received without
objection, either before or after the complained-of ruling."). Thus, the court of appeals did not err
in upholding the trial court's admission of the victim's out-of-court statements. We overrule
appellant's second ground for review.

 We affirm the judgment of the court of appeals.


DELIVERED DECEMBER 8, 2004


PUBLISH
1. It appears that the Texas Supreme Court transferred this case from the Fifth Court of
Appeals in Dallas to the Eleventh Court of Appeals in Eastland. See Tex. Gov't Code § 73.001.
2. Texas Penal Code § 22.02(a) provides that "[a] person commits [aggravated assault] if
the person commits assault as defined in Section 22.01 and the person: (1) causes serious bodily
injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during
the commission of the assault." Texas Penal Code § 22.01(a) provides, in relevant part, that "[a]
person commits [assault] if the person intentionally, knowingly, or recklessly causes bodily
injury to another, including the person's spouse." Texas Penal Code § 1.07(a)(8) provides that
"'[b]odily injury' means physical pain, illness, or any impairment of physical condition." Texas
Penal Code § 1.07(a)(46) provides that "'[s]erious bodily injury' means bodily injury that creates
a substantial risk of death or that causes death, serious permanent disfigurement, or protracted
loss or impairment of the function of any bodily member or organ." Finally, Texas Penal Code §
1.07(a)(17) provides, in relevant part, that "'[d]eadly weapon' means anything that in the manner
of its use or intended use is capable of causing death or serious bodily injury."
3. The victim did not testify for the State at the guilt/innocence stage; in fact, the victim
testified for the defense.
4. This is the required standard of appellate evidentiary review. See discussion, infra.
5. Indeed, almost anything can be a deadly weapon "depending upon the evidence
shown." See Coleman v. State, Nos. PD-1466-03 & PD-1480-03 (Tex.Crim.App--Sept. 29,
2004) (Cochran, J., concurring).