02-10-314-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00314-CR

 

 


 
 
 Colt J. Walker
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          Appellant
Colt J. Walker appeals the judgment adjudicating his guilt for the offense of
aggravated assault with a deadly weapon.  Appellant pleaded guilty to the
offense in 2006, and the trial court deferred adjudication and placed him on
ten years’ community supervision.  In 2010, the State filed a petition to
proceed to adjudication, alleging that Appellant had committed the new offense
of delivery of a controlled substance in violation of the terms of his
community supervision.  Appellant pleaded not true to the allegation in the
petition.  The trial court conducted an evidentiary hearing, found the
allegation in the petition true, and sentenced Appellant to eight years’
confinement.  Appellant contends in one point that the trial court abused its
discretion by admitting his oral statement into evidence because the oral
statement was not taken in compliance with code of criminal procedure article
38.22, section 3[2] and that there is
otherwise no evidence that he violated the terms of his community supervision. 
We affirm.

II. 
Background

          Parker
County Sheriff’s Office Investigator Ann Hollis testified at the adjudication
hearing that she learned in September 2009 that a woman named Janelle Smith
wanted to sell some hydrocodone pills.  Investigator Hollis then arranged for
Smith to call Parker County Sheriff’s Office Investigator Kevin Hilliard, who
was working undercover.  Smith contacted Investigator Hilliard, and they
arranged to meet in a Fort Worth grocery store parking lot for Smith to sell pills
to Investigator Hilliard.

          Investigator
Hilliard testified that Smith arrived at the meeting place in an Isuzu vehicle.
 However, Smith was the passenger, and Appellant was driving.  Appellant parked
the Isuzu next to Investigator Hilliard’s truck, and Smith exited the Isuzu and
entered the passenger door of Investigator Hilliard’s truck.  After Smith and
Investigator Hilliard negotiated a price for the pills and completed the drug
transaction, Smith exited the truck, Investigator Hilliard gave the bust signal
to his backup officers, and Smith was arrested.

          Appellant
was also removed from the Isuzu, handcuffed, and questioned by two different
officers.  Investigator Montenez, one of the backup officers, interviewed
Appellant first and recorded the interview on a hand-held recorder.  Investigator
Montenez read Appellant his Miranda rights, and the recording contains
that exchange.  Investigator Hilliard was interviewing Smith while Investigator
Montenez interviewed Appellant, but Investigator Hilliard testified that he was
“in the area” and “heard bits and pieces” of Appellant’s interview by
Investigator Montenez.

          Investigator
Hilliard also interviewed Appellant, and Investigator Hilliard recorded his
interview of Appellant on a different recording device than the one used by
Investigator Montenez.  The recording of Investigator Hilliard’s interview does
not contain any Miranda warnings.  Between the two interviews,
Investigators Montenez and Hilliard discussed Appellant’s statements to
Investigator Montenez.  Appellant told Investigator Hilliard during the second
interview that Smith was his aunt, that he was there to provide security for
Smith while she sold pills to someone neither of them knew, and that he knew
thirty minutes before the transaction that Smith was intending to sell pills.

          When
the State offered the recorded interview by Investigator Hilliard into evidence,
Appellant objected and argued among other things that the recording of
Hilliard’s interview did not satisfy the requirements of code of criminal
procedure article 38.22.  Appellant did not, however, object to any of
Investigator Hilliard’s testimony about what Appellant told him during the
recorded interview, including his admissions that he knew about the drug
transaction thirty minutes before it occurred and that he was there to provide
security for Smith.

          Appellant
testified during the hearing and denied that he knew Smith was going to the
grocery store to sell drugs.  He testified that Smith called him before he got
off work, that she was upset about a fight with her husband, and that she
talked about needing to find a new place to live.  Appellant also testified
that he agreed to drive Smith to meet her friend because of how upset she was. 
He testified that he would not have gone had he known why Smith actually wanted
to go to the grocery store.

          Appellant
testified that he remembered Investigator Montenez reading him his Miranda
rights, that he told Investigator Montenez that he did not have anything to do
with Smith’s drug transaction, and that there was “a little bit of a gap”
between his interviews by Investigators Montenez and Hilliard.  Appellant
agreed that he admitted to Investigator Hilliard that he knew Smith’s purpose
in going to the grocery store to meet her friend, but he testified that he did
so only because Investigator Hilliard told him he could go home if he did. 
Appellant testified that he would not have otherwise said so and reiterated
that he did not know Smith’s reason for going to the grocery store.

III. 
Discussion

          Appellant
contends in his sole point that the trial court abused its discretion by
admitting the oral statement he gave to Investigator Hilliard because the
statement does not comply with code of criminal procedure article 38.22,
section 3.  Specifically, Appellant contends that the recorded statement taken
by Investigator Hilliard does not independently meet article 38.22, section 3’s
requirements because it does not also contain the required statutory warnings.  The
State responds that Appellant failed to preserve this complaint for review
because he did not object to Investigator Hilliard’s testimony about the
incriminating statements Appellant made in the recorded statement.

          A
trial court’s erroneous admission of evidence will not require reversal when
other such evidence was received without objection, either before or after the
complained-of ruling.  Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim.
App. 2004); Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). 
Error concerning the admission of an exhibit is harmless when there is no
objection to testimony describing the content or substance of the objected-to
exhibit.  See Chamberlain v. State, 998 S.W.2d 230, 235 (Tex. Crim. App.
1999) (overruling issue concerning admission of trial exhibit because
sponsoring witness testified about the information contained in the exhibit
without objection), cert. denied, 528 U.S. 1082 (2000); see also Bradley
v. State, Nos. 14-08-00038-CR, 14-08-00039-CR, 2008 WL 4647289, at *4 (Tex.
App.—Houston [14th Dist.] Oct. 21, 2008, pet. ref’d) (mem. op., not designated
for publication) (holding relevance objection to trial exhibits not preserved
for appeal because testifying officer testified without objection about each of
the exhibits); Aranda v. State, No. 13-03-00302-CR, 2004 WL 5357628, at
*2 (Tex. App.—Corpus Christi Nov. 18, 2004, no pet.) (mem. op., not designated
for publication) (holding any error in admission of hearsay exhibit harmless
because same information subsequently introduced without objection).

          Here,
Appellant appropriately objected when the State offered into evidence the
recorded interview by Investigator Hilliard, arguing that the recording was not
admissible under code of criminal procedure article 38.22 because the recording
did not contain the statutorily required warnings.  However, Appellant did not object
when Investigator Hilliard testified about the statements Appellant made to
him, which are contained in the recording.  Because Appellant did not object to
Investigator Hilliard’s testimony about the content contained in the recorded
statement, any alleged error in the admission of the recorded statement is
harmless.  See, e.g., Chamberlain, 998 S.W.2d at 235.  We
therefore overrule Appellant’s sole point.

IV. 
Conclusion

          Having
overruled Appellant’s sole point, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 26, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim.
Proc. Ann. art. 38.22, § 3 (West 2005).