**Affirmed and Opinion Filed July 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00432-CR
_____

**JUAN MEDINA BUENO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1160087-V**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

A jury convicted appellant Juan Medina Bueno of aggravated sexual assault of a child under fourteen years of age and sentenced him to forty-five years' confinement and assessed a $10,000 fine. In three issues, he argues (1) the evidence is insufficient to support his conviction; (2) the trial court erred by denying his motion for mistrial due to juror misconduct; and (3) the trial court erroneously admitted extraneous offenses. We affirm.

### Background

When complainant was in the third grade, appellant and Mother separated. Complainant lived with Mother and her younger brother, but spent weekends with appellant.

One particular Friday, complainant recalled appellant being drunk when he picked them up. Later that night, complainant and her brother fell asleep in appellant's bedroom. Complainant

woke up when appellant came in, and she realized her brother was no longer in the room with her.[1] Appellant began sexually assaulting complainant. He stopped at one point, and complainant escaped to the bathroom. Appellant pulled her back to the bedroom, and then perpetrated the aggravated sexual assault.

Once appellant left the room, complainant loaded an air gun and retrieved a large barbecue fork and "heavy wrench thingy" from the kitchen. She returned to the bedroom and stayed awake all night prepared to defend herself if appellant returned.

Complainant did not tell anyone what happened for several weeks. She eventually shared some details with her cousin, with two adults that worked at her church, and with her school counselor. She eventually told her mother, who notified police. Complainant then underwent a physical exam and gave a forensic interview at the Dallas Children's Advocacy Center.

Appellant was arrested and charged with aggravated sexual assault of a child under the age of fourteen. The jury convicted him and sentenced him to forty-five years' confinement and assessed a $10,000 fine.

### Sufficiency of the Evidence

In his first issue, appellant argues the evidence is legally insufficient to support his conviction because (1) complainant fabricated the story to get attention; (2) she claimed to have screamed loudly during the assault yet her brother, who was sleeping nearby, did not hear her; (3) no physical evidence supported her allegations; and (4) she believed she saw ghosts and spirits, which indicated she could not distinguish fact from fiction. The State responds these were credibility issues left to the jury, and the jury believed complainant; therefore, the evidence was legally sufficient to support appellant's conviction.

---

[1] She later saw her brother asleep on the living room couch. She testified she screamed his name as loudly as she could during the assault. An officer who investigated the allegation testified the brother "provided no information that would corroborate her story."

In reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The inquiry is whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Billy v. State*, 77 S.W.3d 427, 428 (Tex. App.—Dallas 2002, pet. ref'd). The trier of fact is the sole judge of witness credibility and the weight to be given her testimony. *Id*. at 429. The trier of fact may choose to believe or disbelieve all or any part of any witness's testimony. *Id*.

The State indicted appellant for aggravated sexual assault of a child younger than fourteen pursuant to section 22.021 of the penal code. TEX. PENAL CODE ANN. §22.021 (West Supp. 2017). Here, complainant's testimony alone supports the offense as alleged in the indictment and is sufficient by itself to support conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Revels v. State*, 334 S.W.3d 46, 52 (Tex. App.—Dallas 2008, no pet.).

In addition to complainant's testimony, the jury heard from Katlyn Manchac, the designated outcry witness. She testified that complainant told her about the sexual assault. Manchac believed complainant because, "She wasn't the kind of girl that just went around looking for attention. She was very quiet. She kept to herself."

When officers searched appellant's home, they recovered the air gun and grilling fork complainant used for protection the night of the offense in the locations she referenced in her forensic interview. The lead detective believed an aggravated sexual assault of a child had occurred after corroborating complainant's allegations with other witnesses and searching appellant's apartment.

Complainant admitted she believed in and saw spirits. Her therapist testified she was not concerned by complainant's admission because the spirits "were not threatening to her, were not telling her to do things, were not creating a scary environment." The trier of fact was the sole

judge of the weight and credibility of this evidence and decided complainant was credible. *Billy,* 77 S.W.3d at 429.

Complainant admitted she was being bullied at school around the time she accused appellant of the offense, and she wanted someone to pay attention to her. She admitted liking the attention she received from doctors and therapists after she made her outcry, but testified she was telling the truth about the sexual assault. Again, the jury heard this evidence and decided complainant was credible. *Billy,* 77 S.W.3d at 429.

As to a lack of physical evidence linking appellant to the assault, there is no such requirement that complainant's testimony be corroborated by medical or physical evidence. *See Flores v. State*, No. 05-06-01297-CR, 2008 WL 2346309, at *4 (Tex. App.—Dallas June 10, 2008, no pet.) (not designated for publication). Rather, the lack of such evidence is not unusual in cases of sexual abuse. *See Dozier v. State*, No. 05-03-01503-CR, 2004 WL 1682360, at *2 (Tex. App.— Dallas July 28, 2004, pet. ref'd) (mem. op., not designated for publication); *see also Murray v. State*, 24 S.W.3d 881, 887 (Tex. App.—Waco 2000, pet. ref'd). The doctor who reviewed complainant's medical records and testified explained one reason for the lack of evidence is because that area of the female body heals quickly.

Accordingly, complainant's credibility, the lack of physical evidence, and the possible motive of complainant to fabricate the story were all before the jury, and the jury determined appellant was guilty of the offense. After viewing the evidence in the light most favorable to the verdict and giving the appropriate deference to the jury's credibility determinations, we conclude the evidence was legally sufficient to support the offense as charged in the indictment. We overrule appellant's first issue.

## Motion for Mistrial

In his second issue, appellant argues the trial court abused its discretion by denying his motion for mistrial after reported juror misconduct. The State responds appellant's issue is not preserved for review, or alternatively, the trial court did not abuse its discretion by overruling the motion because appellant failed to establish any misconduct.

Pamela Womack, an employee with the Dallas County District Attorney's Office, reported to the trial court that she overhead two female voices in the jury room discussing what she thought was testimony from the trial. She did not actually see the women to confirm whether they were in fact jurors. Womack summarized what she heard as follows:

> First thing I heard was somebody said something about she was crying, and then something about, I believe her. And then they talked about how the mother of the victim was only 14 or 15 when she met the defendant and he was 32 and wanted to know why that wasn't an offense and something was done about it at that time.[2]

> And then somebody mentioned that that was okay in Mexico and that that was kind of a standard thing. And then mentioned something about that in Africa it's – it's that way, too, and started talking about, you know, if girls get their periods when they're, like, 8 or 9 years old, that means they're a woman. And that was pretty much all I heard.

Womack believed jurors were discussing the evidence when trial was still in progress and not all jurors were present. However, she admitted she did not know who else may have been in the room because she only heard two voices and never looked into the jury room.

Defense counsel argued the jurors violated the court's instructions not to discuss the testimony until after evidence closed and not to deliberate unless all jurors were present. Counsel contended appellant could not receive a fair trial and the jurors' actions violated appellant's constitutional rights under the 5th, 6th, and 14th amendments. The State questioned whether any

---

[2] Mother testified she was fourteen and appellant was thirty-two when they met.

misconduct occurred and argued a jury instruction would cure any alleged misconduct. The trial court agreed and overruled appellant's objections.

When the jury returned, the trial judge warned he did not know if his prior admonishments were being followed. He then instructed, "You are not to discuss this case or anything you saw or heard during the testimony until after you have received all of the evidence in this case. Do I make myself clear on that point?" One jury asked, "We can't discuss it amongst each other?" The trial judge then expounded and clarified his instructions to emphasize that they were not to deliberate until the evidence was closed, lawyers made closing arguments, they received the charge from the court, and they were released to deliberate. The trial judge again emphasized all twelve jurors must be present during discussions.

We begin by addressing the State's preservation argument. To preserve an issue for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX. R. APP. P. 33.1. In addition, the argument on appeal must correspond to the objection made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). In other words, "An objection stating one legal theory may not be used to support a different legal theory on appeal." *Id*. (citing *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990)).

At trial, appellant based his motion for mistrial on allegations that two jurors discussed the case outside the presence of other panel members and before receiving all the evidence, which he argued violated his constitutional rights under the 5th, 6th, and 14th amendments. However, on appeal, he argues the trial court erred by overruling his motion for mistrial because the two jurors displayed bias or partiality. We agree with the State that appellant's trial objection does not comport with his issue on appeal. *Id*. Because the basis of appellant's complaint regarding the trial court's error in denying his request for mistrial does not comport with the basis raised in the trial court, appellant's argument is waived. *See Broxton*, 909 S.W.2d at 918; *see also Rivera v.*

*State*, No. 08-05-00339-CR, 2007 WL 766129, at *2 (Tex. App.—El Paso Mar. 15, 2007, no pet.) (not designated for publication).

Even if we concluded appellant preserved his issue for review, "mistrials are an extreme remedy for prejudicial events occurring during the trial process." *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Two unidentified individuals who may have been discussing the case in the juror room is not the type of "emotionally inflammatory" event that could not be cured by instructions from the trial court. *Id*. Rather, when curative instructions are given, "our system presumes that judicial admonishments to the jury are efficacious." *Id*.; *Ford v. State*, 14 S.W.3d 382, 394 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Here, the trial court admonished the jurors about discussing the case when they were not all together and before they received all the evidence. The court provided further explanation when a juror asked a specific question requiring clarification. We presume the jurors followed the trial court's instructions. *Id*. Therefore, the trial court did not abuse its discretion by overruling appellant's motion for mistrial. Appellant's second issue is overruled.

**Admission of Extraneous Offenses**

In his third issue, appellant argues the trial court abused its discretion by admitting extraneous offenses. The State responds appellant failed to preserve his issue for review. Alternatively, the State argues appellant received notice of its intent to introduce such evidence, but error, if any, was harmless.

During the outcry hearing, Manchac testified complainant told her about the aggravated sexual assault. The State asked if complainant provided any other information and Manchac said, "No, I don't think so."

At the conclusion of the hearing, defense counsel asked that Manchac's testimony "be limited only to what she testified here today . . . ." The State acknowledged it did not "intend on going beyond what she has testified to here today." The court granted appellant's request and told the parties to approach the bench if something came up during trial.

During trial, Manchac testified that appellant had been touching complainant for years. Defense counsel immediately objected, the court told the jury to disregard the answer, and the court held a brief hearing outside the jury's presence.

Defense counsel objected to Manchac's testimony based on hearsay and "prior acts under 404." The trial court overruled the objections.

We first address the State's preservation argument. To preserve an issue for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX. R. APP. P. 33.1. In addition, the argument on appeal must correspond to the objection made at trial. *Broxton*, 909 S.W.2d at 918.

At trial, appellant objected to Manchac's testimony because it was hearsay and implicated prior acts under rule 404. *See* TEX. R. EVID. 404. On appeal, he argues the trial court abused its discretion by admitting extraneous offenses in violation of article 38.37 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 38.37 (West 2018). Because appellant's complaint on appeal does not comport with his trial objection, appellant's argument is waived. *See Broxton*, 909 S.W.2d at 918; *see also Ruiz v. State*, No. 10-16-00247-CR, 2018 WL 1750826, at *5 (Tex. App.—Waco Apr. 11, 2018, no pet.) (mem. op., not designated for publication) (issue not preserved when appellant raised complaint under rule 404 but objected at trial under article 38.37).

Even if we concluded appellant preserved his issue for review and we assumed the trial court abused its discretion by admitting the testimony, the error was cured. "An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without

objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Here, Mother testified to similar evidence without objection. Mother said complainant told her the night of the offense was not the first time appellant acted inappropriately, but "there were other times." Because substantially similar evidence was admitted without objection, error, if any, was cured. *See Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless when "very similar" evidence admitted without objection). Appellant's third issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180432F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JUAN MEDINA BUENO, Appellant

No. 05-18-00432-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1160087-V.
Opinion delivered by Justice Bridges.
Justices Brown and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 12, 2018.