**Affirmed and Opinion Filed August 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00736-CR

### JUAN MARTIN REYES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-18-00736**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Myers and Carlyle
Opinion by Chief Justice Burns

A jury convicted Reyes of indecency with a child, and the trial judge sentenced him to thirteen years confinement. In two issues, Reyes claims the trial court erred by allowing witnesses to testify about extraneous offenses. Finding Reyes failed to preserve these complaints, we affirm the trial court's judgment.

### I. Background

When she was eleven years old, NG was touched by the husband of the co-pastor at her family's church. NG outcried to her mother and told her mother that Reyes had touched her breasts, vagina, and buttocks. After NG's mother filed a complaint with the police, Michael Margolis, a forensic interviewer with the Dallas Children's Advocacy Center, interviewed NG.

1

At trial, Margolis testified as an outcry witness about the incidents NG shared during her interview. Margolis's testimony included NG's statements that (1) when Reyes asked her to help move boxes out of the church kitchen and she bent over to pick up a box, Reyes slid his hand in NG's leggings and underwear and squeezed her buttocks; (2) an instance in the toddler room at church, during which Reyes gave NG ice cream and squeezed her breast on top of her clothes; (3) an instance when Reyes grabbed NG as she walked down a church hallway, pulled back her leggings and underwear, and touched her vagina; and, (4) when Reyes grabbed NG's forearm as she walked out of a church restroom, pulled her close, and touched her vagina over her clothes and moved his hand while he was touching her.

The prosecution sought to introduce the testimony of six additional witnesses—two adults and four children—to testify that Reyes committed similar extraneous offenses against each of them. As required by article 38.37 § 2(a) of the Texas Code of Criminal Procedure and rule 404(b)(2) of the Texas rules of evidence, the trial court conducted a pretrial hearing to determine the admissibility of all six witnesses' testimony.

Each of the six witnesses testified at the pretrial hearing. DG, Reyes's sister-in-law, testified Reyes often greeted her with a hug and a slap on her buttocks, despite her asking him to stop. At a family celebration when DG was in her mid-forties, she bent over picking up a coat and Reyes slid his hand between her legs and up towards her buttocks and vagina. DW, also Reyes's sister-in-law, testified Reyes slapped her buttocks during greetings and said she knew the slaps were sexual in nature because of comments Reyes made. At a family birthday celebration when DW was in her early forties, Reyes squeezed DW's right breast. When DW slapped Reyes's hand away, Reyes laughed.

The State also sought to admit the testimony of four additional children. Reyes was a close family friend of CG, and Reyes regularly greeted her with a hug and a slap on the buttocks. When CG was thirteen or fourteen, Reyes grabbed CG by the wrist as she came out of a restroom at church, pulled her close, and tried to kiss her. AC, who was Reyes's eleven year-old niece, testified that during a family celebration Reyes tickled her on her chest and breasts. EC who was nine and also Reyes's niece, testified Reyes once touched her vagina over her clothes in a tickling motion, and on different occasion, put his finger inside her anus through her clothes. Finally, KH, Reyes's eight-year old niece, testified that Reyes touched her vagina over her pants during a family Thanksgiving celebration. KH did not believe it was an accident because Reyes did not seem sorry.

At the close of the article 38.37 hearing and after each of the six witnesses testified, Reyes objected only to the testimony of the two adult witnesses. Reyes argued article 38.37 applies only to extraneous acts committed against children and thus did not permit the adults to testify about the extraneous acts. Reyes also asserted the adult testimony would also be more prejudicial than probative in painting him as a criminal in general beyond any evidence that he inappropriately touched children. The State argued that pursuant to article 38.37 § 2 of the Texas Code Criminal Procedure and the "doctrine of chances,"[1] the evidence was admissible to show modus operandi, intent, absence of mistake or accident and defendant's character and acts in conformity with his character. The State also argued that the adult testimony was so substantially similar to the sexual contact alleged by NG that it constituted Appellant's signature and a pattern of behavior among multiple victims, and was therefore admissible pursuant to rule 404(b). Finally, the State argued that the testimony of each of the witnesses was more probative than prejudicial.

---

[1] The "doctrine of chances" provides that "highly unusual events are unlikely to repeat themselves inadvertently or by happenstance." *De La Paz v. State*, 279 S.W.3d 336, 347 (Tex. Crim. App. 2009).

The trial court ruled the testimony of each witness was relevant to the defendant's character, including acts performed in conformity with his character, explained her balancing analysis regarding the probative nature of the evidence and its prejudicial nature pursuant to rule 403, and found the testimony of all six witnesses was admissible. Reyes did not request a running objection to the testimony of the two adult witnesses.

Except for one child, KH, at trial each of the witnesses who had testified at the article 38.37 hearing also testified. Reyes did not object, nor re-urge his prior objection to the admission of the testimony of any of the five.[2] Reyes testified that NG's assertions, and those of the five other witnesses who testified about his inappropriate touching, were fabricated, misunderstood accidents or teasing, or unintentional mistakes.

The jury convicted Reyes of one count of indecency with a child. Reyes complains the trial court erred by allowing: (1) pursuant to art. 38.37, adult testimony regarding extraneous offenses; and (2) the testimony of all five extraneous witnesses because the evidence was more prejudicial than probative. The State alleged Reyes did not properly preserve these complaints. We agree.

## II. Analysis

Preserving a complaint for appellate review requires a timely objection that includes the grounds for the requested ruling. TEX. R. APP. P. RULE 33.1(a)(1)(A). Further, preserving an objection regarding purportedly inadmissible evidence also requires an objection each time the evidence is offered, or a running objection. *Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004); *Smith v. State*, 595 S.W.2d 120, 123 (Tex. Crim. App. 1980) ("We have consistently

---

[2] NG's mother also testified about NG's initial outcry and described the incidents about which Margolis testified. NG testified about two of the incidents. The jury also heard from the police investigator and an expert for the prosecution who corroborated the timeline and elements of the outcry witness testimony.

held that the failure to object waives any error in the admission of evidence tending to show an extraneous offense.").

At trial, Reyes failed to object to admission of any of the five extraneous witnesses' testimony and did not request a running objection. Accordingly, Reyes failed to preserve any error regarding admission of the testimony about which he now complains.

Even if not waived, however, particularly given the State's reliance on rule 404(b) in addition to article 38.37 and Reyes's failure to address admissibility pursuant to rule 404(b) in his briefing, we would find no error.  We accordingly affirm the trial court's judgment.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180736F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JUAN MARTIN REYES, Appellant

No. 05-18-00736-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1711390-S.

Opinion delivered by Chief Justice Burns, Justices Myers and Carlyle participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered August 12, 2019.