**AFFIRMED and Opinion Filed January 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00313-CR**
**No. 05-20-00316-CR**
**No. 05-20-00317-CR**

**HARVEY LEWIS SIMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83735-2018**

# MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Harvey Lewis Sims appeals his convictions for continuous sexual assault of a child and indecency with a child by sexual contact. In his first three issues, Sims contends the trial court erred in admitting certain evidence. In his fourth issue, Sims contends the evidence is insufficient to support the jury's finding of continuous sexual abuse. We affirm the trial court's judgment.

## I. SANE Testimony

In his first issue, appellant contends the trial court erred in admitting testimony of a sexual assault nurse examiner ("SANE") concerning statements made by the alleged victim, I.S., during her medical examination. Appellant argues the testimony constituted inadmissible hearsay. We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). If the same evidence comes in elsewhere without objection, no reversible error is presented. *Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004).

The testimony about which appellant complains is the SANE's recounting of statements made by I.S. concerning the most recent incident of sexual assault by appellant. I.S. later testified at trial about the same incident in greater detail. Appellant made no objection to the substance of this portion of I.S.'s testimony.[1] Because I.S. testified about the same matters as the nurse examiner, any error in admitting the SANE's testimony over appellant's hearsay objection was rendered harmless. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003). We resolve appellant's first point against him.

---

[1] Appellant made several objections that questions asked by the prosecutor were leading. These objections were overruled and appellant does not challenge those rulings on appeal.

## II. Forensic Report

In his second issue, appellant contends the trial court improperly admitted a forensic DNA report in violation of his constitutional right to confrontation. Appellant argues that, because the author of State's Exhibit 18, a Male Screening Laboratory Report ("MSLR"), was not present at trial to testify regarding his analysis, and there was no showing the defense had a prior opportunity to question him, the admission of the report deprived him of his right to confrontation under the Sixth Amendment to the United States Constitution. *See Crawford v. Washington*, 541 U.S. 36, 57–60 (2004). As with appellant's hearsay complaint, we conclude any error in admission of the evidence was harmless.

An alleged confrontation clause violation is subject to a harm analysis under rule 44.2(a) of the Texas Rules of Appellate Procedure. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010). Under rule 44.2(a) we must reverse the judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). In making this determination, we examine the following factors: 1) how important was the out-of-court statement to the State's case; 2) whether the out-of-court statement was cumulative of other evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and 4) the overall strength of the prosecution's case. *Scott v. State*, 227 S.W.3d 670, 690–91 (Tex. Crim. App. 2007). In addition, we may consider the

source and nature of the error, to what extent, if any, it was emphasized by the State, and how weighty the jury may have found the erroneously admitted evidence to be compared to the balance of the evidence with respect to the element or defensive issue to which it is relevant. *Id.*

The forensic report about which appellant complains was one of multiple DNA reports prepared based on swabs taken from I.S. as part of her sexual assault examination. The MSLR was prepared by Gerard Lunanuova, a forensic scientist who worked at the Garland Crime Laboratory. The report indicated that male DNA was detected in swabs of I.S.'s vagina, anus, neck and breast.

The remaining DNA reports, State's Exhibits 19, 20, and 21, were prepared by Clare Moyers and Cassandra Canela, who also worked as forensic scientists at the Garland Crime Laboratory. Both Moyers and Canela testified at trial and appellant does not challenge their reports or testimony on appeal. Moyers testified she conducted DNA testing comparing a buccal swab from appellant and vaginal and anal swabs from I.S. The results of the testing showed that a partial DNA profile from the swabs taken from I.S. was consistent with appellant's DNA profile and he could not be excluded as a contributor.

Canela testified she compared the swabs taken from I.S.'s neck and breast to appellant's saliva sample and penile swab. Canela obtained a DNA mixture profile from I.S.'s neck swab and determined it was 4.54 quadrillion times more likely that the DNA came from I.S., appellant, and an unknown third person, than that the DNA

came from I.S. and two unknown individuals. The DNA mixture from the breast swab showed a profile in which it was 1.7 septillion times more likely the DNA came from I.S., appellant, and a third person than from I.S. and two unknown people. Finally, the epithelial cell fraction of the DNA examined from the swab of appellant's penis showed it was 1.19 octillion times more likely the mixture came from I.S., appellant, and an unknown individual than that it came from appellant and two unknown individuals.

In addition to the DNA reports, I.S. testified at trial that appellant had sexually assaulted her on multiple occasions. Appellant presents no argument concerning how he was harmed by the admission of the MSLR. Given the greater specificity of the unchallenged DNA evidence and I.S.'s testimony identifying appellant as the person who assaulted her, we conclude beyond a reasonable doubt that the admission of the MSLR did not contribute to appellant's conviction or punishment. *See Coleman v. State*, 833 S.W.2d 286, 289–90 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). We resolve appellant's second issue against him.

## III. Outcry Witness

In his third issue, appellant contends the trial court erred in allowing McKenzie McIntosh to testify about statements made by I.S. during a forensic interview. Appellant argues that because I.S. told her mother about appellant's abuse before speaking with McIntosh, the exception to the hearsay rule for "outcry" statements does not apply.

Article 38.072 of the Texas Code of Criminal Procedure creates an exception to the inadmissibility of hearsay testimony for statements made by a child complainant under the age of fourteen. TEX. CODE CRIM. PROC. ANN. art. 38.072. When a defendant is charged with certain offenses, article 38.072 allows out-of-court statements made by the child victim into evidence so long as the statements describe the offense and are testified to by the first person over the age of eighteen the victim told about the offense. *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The victim's out-of-court statement is commonly known as an "outcry" and the adult who testifies about the outcry is known as an "outcry witness." *Id*. A trial court has broad discretion in determining the admissibility of such evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

Whether or not someone qualifies as an outcry witness is event-specific, rather than person-specific, and there may be different outcry witnesses for different acts of abuse committed by the same defendant against the same victim. *See West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). Before more than one outcry witness may testify, however, the outcry must be about a different event and not "simply a repetition of the same event as related by the child to different individuals." *Id*. If the State presents evidence that a person is a proper outcry witness, the burden shifts to the defendant to rebut this evidence. *Garcia*, 792 S.W.2d at 91–92.

–6–

The State designated both I.S.'s mother and McIntosh as outcry witnesses. I.S.'s mother was designated as the outcry witness for the most recent alleged incident of abuse that preceded appellant's arrest. McIntosh was designated as the outcry witness for the alleged instances of abuse that occurred earlier. Outside the presence of the jury, McIntosh testified she interviewed I.S. when I.S. was ten years old. During the interview, I.S. discussed multiple acts of sexual abuse committed by appellant and I.S. said McIntosh was the first "grownup" she had told about those incidents. On cross-examination, the defense asked McIntosh whether she was "100 percent certain that [I.S.] disclosed everything to her and not her mother." McIntosh responded, "As far as I know from what she told me, but I'm not 100 percent certain."

The defense then objected to McIntosh as an outcry witness arguing it was unclear how much of the alleged abuse I.S. had discussed with her mother before her forensic interview with McIntosh. The State responded that, although I.S. may have told her mother that appellant had done "stuff" to her earlier, I.S.'s mother told them the only incident I.S. told her about specifically was the most recent one. The trial court concluded McIntosh could be considered an outcry witness for the incidents of abuse other than the most recent one that I.S. first discussed with her mother.

On appeal, appellant contends the trial court erred in designating McIntosh as an outcry witness because the State did not conclusively establish she was the first

–7–

adult to whom I.S. made statements about the earlier incidents of abuse. The record shows I.S. affirmatively told McIntosh she was the first "grownup" with whom she discussed the earlier events of abuse. Furthermore, the State represented that, other than telling her mother that appellant had done "stuff" to her before, I.S. told her mother only about the most recent incident of abuse before the forensic interview. General allusions to abuse do not constitute the type of outcry that permit an individual to testify as an outcry witness. *Rodgers v. State*, 442 S.W.3d 547, 552 (Tex. App.—Dallas 2014, pet, ref'd). Appellant presented no rebuttal evidence to show that I.S. made disclosures to her mother about the earlier incidents that were sufficiently detailed to qualify as an outcry. *See id*.

Appellant additionally argues the State failed to establish that McIntosh was over the age of eighteen at the time of the interview. But appellant failed to object at trial to the State's evidence on this basis. Accordingly, this complaint has been waived. *See* TEX. R. APP. P. 33.1; *Wimer v. State*, No. 04-02-00557-CR, 2003 WL 22903011, at *2 (Tex. App.—San Antonio Dec. 10, 2003, pet. ref'd) (mem. op., not designated for publication).

Even assuming the complaint was not waived, the trial court implicitly recognized McIntosh was over the age of eighteen when it held that she was qualified to testify as an outcry witness. *See Wimer*, 2003 WL 22903011, at *2. This finding is supported by McIntosh's testimony at trial that her position as a forensic interviewer requires a college degree and additional training. McIntosh further

testified she had been working as a forensic interviewer for over six years and had conducted over two thousand interviews. McIntosh's interview of I.S. occurred less than two years before trial. Based on this record, we cannot conclude the trial court abused its discretion in allowing McIntosh to testify as an outcry witness. We overrule appellant's third issue.

## IV. Sufficiency of the Evidence

In his fourth issue, appellant argues the evidence is insufficient to establish he committed two or more acts of sexual abuse against I.S. during a period of thirty days or more to support his conviction for continuous sexual abuse. When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). The factfinder is the sole judge of the witnesses' credibility and

their testimony's weight.  *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984).

A person commits the offense of continuous sexual abuse of a child if (1) during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse and (2) at the time of the commission of each act, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age.[2]  TEX. PENAL CODE ANN. § 21.02(b).  Appellant acknowledges that I.S.'s testimony at trial established the last incident of abuse occurred on July 19, 2018 when she was ten years old.  Appellant also acknowledges that I.S. testified the first incident of abuse occurred when she was nine years old at the time of her cousin's funeral.  Appellant argues I.S.'s testimony regarding the first incident was insufficient to support a finding of continuous sexual abuse because she did not provide specific details of the incident to prove that appellant committed an act of abuse at that time.  Even if we conclude I.S.'s testimony by itself was insufficient to show appellant committed two acts of sexual abuse more than thirty days apart, I.S.'s testimony in combination with the testimony of McIntosh and her mother provided the requisite evidence.

I.S.'s mother testified I.S. was born in January 2008.  She further testified she left I.S. alone with appellant when her nephew died in January 2017.  McIntosh

---

[2] Appellant does not dispute that the evidence shows he was older than seventeen years of age when the alleged acts occurred.

–10–

testified I.S. told her appellant first abused her just after she turned nine years old and her mother went to her cousin's funeral. I.S. told McIntosh that appellant pulled down both their pants and tried to put his sexual organ in her sexual organ but he "couldn't get it in." I.S. also told McIntosh that appellant was "grabbing her chest while he was doing that to her." Outcry testimony admitted pursuant to article 38.072 is considered substantive evidence, admissible for the truth of the matter asserted. *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013).

Based on the testimony of I.S., I.S.'s mother, and McIntosh, a rational trier of fact could have found that appellant first abused I.S. in January 2017 when she was nine years old and the last act of abuse was in July 2018 when I.S. was ten years old. These facts support the conclusion that appellant committed at least two acts of abuse more than thirty days apart. We resolve appellant's fourth issue against him.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200313F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARVEY LEWIS SIMS, Appellant

No. 05-20-00313-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-83735-2018.
Opinion delivered by Justice Reichek. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARVEY LEWIS SIMS, Appellant

No. 05-20-00316-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-83735-2018.
Opinion delivered by Justice Reichek. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2022



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

HARVEY LEWIS SIMS, Appellant

No. 05-20-00317-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-83735-2018.

Opinion delivered by Justice Reichek. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2022