**AFFIRM; Opinion Filed June 10, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-23-00296-CR
_____

### CHRISTOPHER UNDERHILL BROWN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 5
Dallas County, Texas
Trial Court Cause No. MB21-42125-F**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Christopher Brown appeals his conviction for interference with public duties.

In a single issue, appellant asserts the trial court erred in admitting irrelevant and

prejudicial extraneous-offense evidence concerning an alleged kidnapping. We

affirm the trial court's judgment. Because all issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On September 29, 2021, officers were dispatched to a 9-1-1 call regarding a

suspicious vehicle. The caller reported that a man was driving around an apartment

complex attempting to kidnap or lure juveniles into his car. The caller gave a description of the vehicle and occupant, as well as the license plate number. When Mesquite Police Officer Jeffery McSpedden arrived, the responding officer, Mesquite Police Officer B. Davis, was speaking to appellant, who was outside of his own car. While Officer Davis conducted a field interview, Officer McSpedden placed himself between appellant and appellant's vehicle to prevent reentry. During the interview, appellant became agitated and asked for his phone, which was on the ground at McSpedden's feet near the vehicle. The officers refused to let him near the vehicle, citing officer safety. Appellant repeatedly refused orders from the officers to stop approaching the vehicle and was placed under arrest.

Appellant was charged with the offense of interference with public duties. TEX. PENAL CODE § 38.15 (a)(1). Appellant pleaded not guilty to the charged offense and proceeded to a jury trial.

Before trial, the State filed a notice of intent to offer evidence of extraneous offenses pursuant to rule 404(b). *See* TEX. R. EVID. 404(b). Appellant filed a motion in limine requesting an order instructing the State and the State's witnesses to refrain from making any direct or indirect reference to an alleged kidnapping that prompted the detention and interview of appellant. Defense counsel offered to stipulate that an investigation was being conducted at the time of the alleged offense. In response, the State argued that the allegations of kidnapping stemmed from the same transaction and were necessary for context. Defense counsel urged that any

reference to kidnapping would be more prejudicial than probative. The trial court denied the motion in limine. After voir dire and prior to trial, the court instructed the parties that they may refer to the investigation as involving an alleged kidnapping and cautioned them to limit how often they referred to the investigation as such. At that time, defense counsel reurged the objection to "any use of kidnapping or alleged attempted kidnapping," but ultimately conceded that "if [the testifying officers] say that the original—that the call was about a kidnapping, fine."

During trial, Officer McSpedden was subjected to a line of questioning that specifically asked if the investigation was into an alleged attempted kidnapping or luring of juveniles. No objections were made to this line of questioning until Officer McSpedden stated that the risks associated with attempted kidnapping were high. Appellant objected on the basis that the testimony went well beyond the scope they had discussed. The trial court sustained that objection as well as an objection to a reference to attempted kidnapping during closing arguments.

At the conclusion of trial, the jury found appellant guilty of the charged offense and assessed punishment at three days' confinement in the Dallas County Jail and a fine of $500. This appeal followed.

## DISCUSSION

In his sole issue on appeal, appellant argues the trial court erred in admitting extraneous-offense evidence, specifically testimony identifying the offense being investigated as a child abduction involving kidnapping or attempted kidnapping.

–3–

Appellant complains the admission of the evidence was erroneous and in violation of rule 404(b), which prohibits evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he acted in conformity therewith. *See* TEX. R. EVID. 404(b). Appellant also urges such evidence was not relevant to prove the offense of interference of public duties, or that if relevant, its probative value was substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and needlessly presenting cumulative evidence such that the admission violated rule 403. *See* TEX. R. EVID. 403. The State responds that appellant failed to preserve his issue for review by failing to raise a timely objection at trial.

A prerequisite to presenting a complaint for review is that the record show the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a). A motion in limine is a preliminary matter and, whether granted or denied, by itself, does not preserve error for appeal. *Griggs v. State*, 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007); *Landaverde v. State*, No. 05-19-00175-CR, 2020 WL 2897108, at *10 (Tex. App.—Dallas June 3, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)). In order for the subject of a motion in limine to be preserved, an objection must be made at the time the subject is raised in trial. *Fuller*, 253 S.W.3d at 232.

The trial court denied appellant's requested motion in limine. Accordingly, appellant had to object when the subject of the alleged kidnapping was raised at trial to preserve his complaint for review on appeal. *See id.* Appellant made no objections at trial to Officer McSpedden's testimony regarding kidnapping, other than the objections identified above, the first of which was made after Officer McSpedden answered a question[1] and the second, which was made during closing arguments.[2] In addition, the record contains State's Exhibit 1, which was a video from Officer McSpedden's body camera that contained five references to appellant trying to get juveniles to go into his car. Defense counsel indicated "No objection" when State's Exhibit 1 was offered into evidence and did not object when it was published to the jury. Consequently, appellant waived review of any alleged errors associated with testimony concerning an alleged kidnapping. TEX. R. APP. P. 33.1; *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (to preserve error a party must object each time evidence is offered or obtain a running objection).

We overrule appellant's sole issue on appeal.

---

[1] If a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds. *Brown v. State*, No. 05-16-01182-CR, 2017 WL 5150952, at *2 (Tex. App.—Dallas Nov. 7, 2017, no pet.) (mem. op., not designated for publication) (citing *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995)). If no objection is made until after the question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived. *See id.* (citing *Dinkins*, 894 S.W.2d at 355).

[2] At closing arguments, the State rhetorically asked, "Do we want our officers to investigate attempted kidnapping of 14-year-old girls?" Defense counsel objected with the statement, "We are so far beyond that, and that was strictly prohibited to the jury trial." Thus, defense counsel's objection appears to be similar to the earlier objection to the "scope" of the prosecutor's questions and not an objection to the reference to an extraneous offense as in violation of any rule of evidence. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (noting complaint on appeal must comport with that made at trial).

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

230296F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER UNDERHILL
BROWN, Appellant

No. 05-23-00296-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court No. 5, Dallas County, Texas
Trial Court Cause No. MB21-42125-
F.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 10th day of June, 2024.