

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00033-CR

CLIFFORD CLARK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17F1218-102

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After a bench trial, Clifford Clark was convicted of arson of a building and sentenced to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 28.02(a)(2)(A). The trial court ordered the sentence to run concurrently with two other arson convictions Clark appeals in companion cause numbers 06-19-00034-CR and 06-19-00051-CR, and consecutively with two convictions for harassment while in a correctional or detention facility, which Clark appeals in companion case number 06-19-00023-CR. *See* TEX. PENAL CODE ANN. § 22.11(a). The trial court also ordered Clark to pay $234.00 in court costs for each of the five convictions even though the charges were consolidated for trial.

Clark has filed a brief in which he raises issues common to all of his appeals. He argues that (1) the record does not contain sufficient evidence showing his competence to stand trial was evaluated by a qualified psychologist, (2) the trial court erred in finding him competent to stand trial, (3) his counsel rendered ineffective assistance in failing to request an evaluation of his sanity at the time of the offense, (4) his oral waiver of a jury trial was invalid and unintelligently made on the trial court's representation that all sentences would run concurrently, (5) each judgment mistakenly references the existence of a plea bargain, and (6) the trial court erred in assessing duplicative court costs.

We addressed these issues in detail in our opinion of this date on Clark's appeal in cause number 06-19-00023-CR. For the reasons stated therein, we likewise conclude that Clark's first complaint is meritless and unpreserved, the trial court did not abuse its discretion in finding Clark competent to stand trial, and Clark failed to meet his burden to show counsel rendered ineffective

2

assistance. We also find Clark's jury trial waiver valid, because he was not harmed by the lack of a written waiver and the record fails to show Clark's waiver was based on misinformation that his sentences would not be stacked.

Clark's brief also raises an issue common to his appeals in this case and in cause numbers 06-19-00034-CR and 06-19-00051-CR. Specifically, Clark argues that the trial court erred in admitting the hearsay testimony of Craig Hicks, a deputy fire marshall. Hicks testified that he spoke to Harold Friday, the person who owned the habitation that burned that was referenced in cause number 06-19-00034-CR. After the trial court overruled Clark's objection to "anything the homeowner told him as being hearsay," Hicks testified that Friday identified a person named "Gotti" as the person who started the fire and described "Gotti."

"An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (alteration in original) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)); *see Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Without objection, Check Weerts, another deputy fire marshall, testified that he interviewed Clark, who referred to himself as "Gotti" during the interview. According to Weerts, Clark placed himself in the area of all of the fires that were set on the same day and said that he had started the fire at Friday's house. Weerts testified that Clark started the fires because he was upset about the murder of his friend. Also without objection, Clark's sister, Natalie Clark, testified that Clark admitted he had "set some houses on fire" and had set a total of six fires. Natalie said that Clark's clothing smelled of smoke and that Clark complied with her request to get in her car and point out the houses and buildings he had set

3

on fire. Weerts testified that Clark had started all of the fires, a statement supported by Natalie's testimony. Because substantially similar evidence showing that Clark burned Friday's house came in without objection, we find that Clark was not harmed by error, if any, in the admission of Hicks's statements. We overrule this point of error.

However, because we sustain Clark's last two points of error, we modify the judgment by deleting the phrase "Terms of Plea Bargain" and delete the assessment of court costs. We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:    November 13, 2019
Date Decided:    January 6, 2020

Do Not Publish