

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00168-CR

JERMAINE DAMON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28001

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

A Lamar County jury found Jermaine Damon Davis guilty of murder.[1]  After enhancing punishment by a previous felony conviction, the trial court sentenced Davis to imprisonment for life, to be served concurrently with other sentences imposed at the same time.[2]  This case was tried with two companion cases, which are the subject of other appeals pending before this Court.  In this appeal, Davis contends (1) that his constitutional and statutory rights were violated because he was absent when the jury was called, seated, and instructed by the trial court, (2) that the trial court erred by placing him in leg restraints during the trial, and (3) that trial court erred by admitting two written confessions.

The argument raised in Davis's first issue is based exclusively on the argument brought before this Court in the companion appeal styled *Davis v. State*, cause number 06-19-00167-CR. In our opinion of this date disposing of that appeal, we found that this issue was without merit. For the reasons set out in that opinion, we overrule Davis's first issue as it applies to this appeal.

The argument raised in Davis's second issue is based exclusively on the argument brought before this Court in the companion appeal styled *Davis v. State*, cause number 06-19-00167-CR. In our opinion of this date disposing of that appeal, we found that although the trial court erred, any error did not affect Davis's substantial rights.  For the reasons set out in that opinion, we overrule Davis's second issue as it applies to this appeal.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4).

[2]In cases that had been consolidated for trial with this case, Davis was also convicted of unlawful possession of a firearm and possession of marihuana.  Those convictions have also been appealed to this Court and are addressed in opinions released on the same date as this opinion.

In his third issue, Davis asserts that the trial court erred in admitting two documents in which he allegedly confessed to the murder charge. Davis argues that the confessions were inadmissible because they were given while Davis was in custody but without the benefit of *Miranda* warnings.

Generally, statements made in response to custodial interrogation are not admissible into evidence if the defendant has not been advised of certain warnings, including his right to remain silent and his right to counsel. *State v. Cruz*, 461 S.W.3d 531, 536 (Tex. Crim. App. 2015) (citing *Miranda v. Arizona*, 384 U.S. 436, 466–71 (1966)). "In the *Miranda* context, 'interrogation' means 'any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response.'" *Id*. (citing *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980)).

However, a complaint that evidence obtained in violation of *Miranda* was erroneously admitted by the trial court must be preserved for appellate review, and it may be forfeited. *See Webb v. State*, 557 S.W.3d 690, 697–98 (Tex. App.—Texarkana 2018, pet. ref'd). To preserve a complaint for appellate review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a)(1). Error preservation also requires that the party "must object each and every time [allegedly] inadmissible evidence is offered." *Smith v. State*, 494 S.W.3d 243, 255 (Tex. App.—Texarkana 2015, no pet.) (quoting *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Ethington v.*

*State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991))). As explained by the Texas Court of Criminal Appeals:

> [T]o preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.

*Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (second alternation in original) (quoting *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)). This rule applies whether the same evidence was admitted "without objection . . . before or after the complained-of ruling." *Id*. (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)).

In this case, the State offered State's Exhibit 460, which was a copy of a grievance form that Davis had requested from Mason Brandenburg, a detention officer at the Lamar County Jail. When Davis returned the form to Brandenburg, he had written a statement on it that said, "I am guilty on the murder charge take me to Court I'm tired." When the State offered Exhibit 460, Davis objected to that document based on hearsay and because Davis was in jail when it was written with no indication that he was given *Miranda* warnings before giving the statement. The trial court overruled the objection and admitted Exhibit 460 into evidence, which was then published to the jury. The State then asked Brandenburg to read what Davis had written on the form, which he did without objection.

The State then offered State's Exhibit 461, which was a copy of a Criminal Investigation Division form, on which Davis wrote, in relevant part, "I am guilty on the murder charge [and] want to go to court ASAP." Davis objected to the admission of Exhibit 461 on the same bases.

4

The objection was overruled, and Exhibit 461 was admitted into evidence and published to the jury. Then Brandenburg was asked what Davis had written on Exhibit 461, and he testified verbatim to what Davis had written, again without objection.

Thus, although Davis objected to the admission of Exhibits 460 and 461 into evidence and obtained the trial court's ruling, he did not obtain a running objection to the statements contained in the exhibits, and he did not object when these statements came into evidence through Brandenburg's testimony. Consequently, Davis has not preserved his complaint regarding the admission of the evidence, and any error in admitting Exhibits 460 and 461 was cured by Brandenburg's unobjected-to testimony. *See Lane*, 151 S.W.3d at 193; *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). We overrule Davis's third issue.

For the reasons stated, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     April 3, 2020
Date Decided:       April 6, 2020

Do Not Publish

5