**Affirmed; Opinion Filed February 22, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01566-CR
## No. 05-19-01567-CR

**MICHAEL KELLY TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81099-2019 CT. I**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Nowell

A jury convicted Michael Kelly Turner of one count of continuous sexual abuse of a child and one count of indecency with a child by sexual contact. In a single issue, appellant argues the trial court erred by permitting the State to ask the complainant numerous leading questions. We affirm the trial court's judgment.[1]

---

[1] Because appellant does not challenge the sufficiency of the evidence, we only provide those facts relevant to the disposition of the appeal. *See* TEX. R. APP. P. 47.1.

The rules of evidence generally prohibit leading questions on direct examination except where such questions may be necessary to develop the witness's testimony. *See* TEX. R. EVID. 611(c); *see also Rodriguez v. State*, No. 05-18-01448-CR, 2020 WL 881008, at *4 (Tex. App.—Dallas Feb. 24, 2020, no pet.) (mem. op., not designated for publication). Leading questions are questions that suggest the desired answer, instruct the witness how to answer, or put words into the witness's mouth to be echoed back to the prosecutor. *Rodriguez*, 2020 WL 881008, at *4 (citing *Wheeler v. State*, 433 S.W.3d 650, 655 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Newsome v. State*, 829 S.W.2d 260, 269 (Tex. App.—Dallas 1992, no pet.)). The mere fact that a question may be answered by a simple "yes" or "no" does not render it an impermissibly leading question. *Id*. (citing *Newsome*, 829 S.W.2d at 269). It is only when the question suggests which answer is desired, "yes" or "no," that it becomes a leading question. *Id*. (citing *Newsome*, 829 S.W.2d at 269).

We review a trial court's decision to allow a prosecutor to lead a State's witness for abuse of discretion. *Id.* at *5 (citing *Wyatt v. State*, 23 S.W.3d 18, 28 (Tex. Crim. App. 2000) (noting that while the rules generally prohibit leading questions "some leading questions are acceptable at the trial court's discretion"); *Hernandez v. State*, 643 S.W.2d 397, 400 (Tex. Crim. App. 1982)). Abuse of discretion cannot usually be shown unless a defendant can demonstrate that he was

unduly prejudiced by virtue of such questions. *Id.* (citing *Wyatt*, 23 S.W.3d at 28; *Hernandez*, 643 S.W.2d at 400).

The complainant, D.D., testified she turned eighteen years old on October 10, 2019, approximately five weeks before trial, and she was in eleventh grade. D.D. was held back when she was in first grade and was older than many of her classmates. D.D. testified several times that appellant began sexually abusing her when she was in sixth grade. Appellant objected that some of the prosecutor's questions about which grade she was in were leading.[2]

---

[2] Q.  So in sixth grade, does that mean that you were 12 when you started and 13 when you ended sixth grade?
[Defense counsel]: Object to leading, [Y]our Honor.
THE COURT: Overruled. I'll allow that question.
Q.  Does that mean you were 12 when you started sixth grade and 13 when you ended sixth grade?
A.  About somewhere around there, yeah.
. . .
Q. [By Prosecutor] [D.D.], before that striped couch was there [describing the apartment where D.D. lived], there was a couch that matched that love seat; is that right?
A. Yes.
Q. And is the one that matched the love seat, the one where the stuff when you were in sixth and seventh grade would happen on?
A. Yes.
MR. KRECK: Object as to leading, [Y]our Honor.
THE COURT: Overruled.
. . .
Q. [By Prosecutor] So I'm talking about breast touches, and you've testified already that that happened sometimes?
A. Yes.
Q. Did that go on through sixth grade?
A. Yes.
Q. Seventh grade?
A. Yes.
Q. Eighth grade?
A. Yes.
[Defense Counsel]: Objection to Counsel leading.
THE COURT: Overruled.
. . .

The prosecutor's questions about D.D.'s age and which grade she was in did not suggest the desired answer to D.D., instruct D.D. how to answer, or puts words into D.D.'s mouth to then be echoed back. *See Rodriguez*, 2020 WL 881008, at *4. We conclude the trial court did not abuse its discretion by overruling appellant's objections to these questions because the questions were not leading.

Even if the trial court erred, the forensic interviewer also testified D.D. told her the abuse began when she was in sixth grade. Because the same evidence was admitted elsewhere without objection, any error in admitting the evidence was not unduly prejudicial. *See Merida v. State*, No. 05-19-00306-CR, 2020 WL 3286519, at *5 (Tex. App.—Dallas June 18, 2020, no pet.) (mem. op., not designated for publication) (no undue prejudice where forensic interviewer provided similar testimony as complaining witness without objection) (citing *Rodriguez*, 2020 WL

---

Q. [By Prosecutor] And we know that you were 12 -- we've talked about that you were 12 and 13 in sixth grade?
A. Yes.
Q. That means that you were 13/14 in seventh grade?
A. Yes.
Q. 14/15 in eighth grade?
A. Yes.
Q. And 15/16 in ninth grade?
A. Yes.
[Defense Counsel]: Object to Counsel leading and testifying.
THE COURT: As to that, I'm going to allow it -- just how old she was. Overruled.
[Defense Counsel]: There's been no predicate laid as to school records relating to that. She'd been held back a year. We don't know when she was started.
THE COURT: Counsel, I'm going to allow the witness to testify as to what age she was at a particular grade. Overruled.
Q. [By Prosecutor] Did -- now, again, just talking about the breast touches for legal reasons. Did those happen in eighth grade?
A. Yes.
Q. Did those happen in ninth grade?
A. Yes.

881008, at \*5 (need showing of undue prejudice); *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (any error in admitting evidence is "cured where the same evidence comes in elsewhere without objection")).

D.D. testified appellant would touch her vagina with his fingers and stated "[s]ometimes he would pump his fingers." The prosecutor asked her to clarify where on her body he did this. D.D. explained it was "[s]ometimes on the outer lips and then sometimes between the line." The prosecutor asked if he touched her where her period comes out and she confirmed that was correct. The prosecutor asked again where appellant's fingers would be "pumping" and D.D. replied: "Right on the uterus."

> Q. Okay. And so you're saying uterus, and I want to make sure we all understand where you're talking about. Two fatty outer lips, the line that goes down the middle, and then the hole where babies are born, your period comes from. Is that where his fingers would be?
> A. Yes.
> [Defense Counsel]: Object as to leading, [Y]our Honor.
> THE COURT: Overruled.

The prosecutor's question was not leading because it did not suggest the desired answer, instruct D.D. how to answer, or put words into D.D.'s mouth to then be echoed back to the prosecutor. *See Rodriguez*, 2020 WL 881008, at \*4. Rather, through the question, the prosecutor sought to clarify D.D.'s statement that appellant touched her uterus. We conclude the trial court did not abuse its discretion by overruling appellant's objection because the question was not leading. *See id.* at \*5 (trial court did not abuse its discretion by allowing prosecutor to clarify body parts

–5–

involved in sexual assault). Additionally, the prosecutor used the same words D.D. previously used when describing where appellant touched her. Thus, even if the trial court had erred, because the evidence was already before the jury, any error in overruling the objection was not unduly prejudicial. *See Merida*, 2020 WL 3286519, at *5.

D.D.'s testimony continued:

Q. [By Prosecutor] Did he touch any other part of your body other than the parts we've already talked about?
A. No.
Q. Well, and I just said the word "breasts." So we've talked about him touching your vagina?
A. Yes.
Q. We've talked in depth about him touching your mouth?
[Defense Counsel]: Your Honor, I object as to asked and answered and improper questioning and improper impeachment.
[Prosecutor]: I'm trying to make sure she understands the question, Judge.
THE COURT: I will allow it. Overruled.
Q. [By Prosecutor] We've talked about that he would have you touch his penis?
A. Yes.
Q. But we haven't talked about whether or not he touched --
[Defense Counsel]: Object as to sidebar and leading. It's not a proper question.
THE COURT: I'm going to allow her to frame the question. Objection's overruled.
Q. [By Prosecutor] We haven't talked about if he touched any other private part of your body. Okay? So we've talked about the vagina and his penis and your mouth. Did he ever touch another private part of your body?
A. My breasts, sometimes.
Q. Did he touch your breasts over the clothes or under the clothes?
A. Both.

Q. When he would -- you testified that he would undress you or take your clothes off.

Did that -- would that include your bra?

A. Yes.

Q. Would that include your shirt?

A. Yes.

[Defense Counsel]: Object as to leading, [Y]our Honor.

THE COURT: Overruled.

Although appellant's counsel lodged three objections, he only objected to two questions, and we conclude neither was a leading question. First, the prosecutor asked D.D. whether they already talked in depth about appellant touching her mouth and, second, the prosecutor asked D.D. whether appellant removed her shirt. Neither of these questions suggested the desired answer, instructed D.D. how to answer, or put words into her mouth to be echoed back. Because the questions were not leading, we conclude the trial court did not abuse its discretion by overruling appellant's objections.

We overrule appellant's sole issue. We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191566F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL KELLY TURNER,
Appellant

No. 05-19-01566-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-81099-
2019 CT. I.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 22nd day of February, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL KELLY TURNER,
Appellant

No. 05-19-01567-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-81099-
2019 CT. II.
Opinion delivered by Justice Nowell.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 22nd day of February, 2021.