**AFFIRMED and Opinion Filed June 17, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01479-CR

### JUAN TINOCO BARAJAS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81738-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

Juan Tinoco Barajas appeals his aggravated assault with a deadly weapon

conviction. Following a trial before the court, the trial court found appellant guilty

and sentenced him to five years' imprisonment. In a single issue, appellant argues

the evidence is insufficient to support his conviction. We affirm the trial court's

judgment.

In May 2019, appellant was indicted on a charge of aggravated assault with a

deadly weapon. The indictment alleged that appellant intentionally and knowingly

threatened Roger Rodriguez with imminent bodily injury and used or exhibited a

knife. At trial in October 2019, Rodriguez testified through a translator that, on

March 9, 2019, he was working as supervisor at a restaurant in Plano. Rodriguez was serving appellant's table, and appellant was "very drunk." Appellant asked a waitress for a beer, and the waitress told Rodriguez she did not want to sell appellant any beer because he was already drunk. Rodriguez recognized appellant, who was "more aggressive" than he had been on the two or three previous occasions that appellant had been in the restaurant. When he was not sold any more alcoholic beverages, appellant "started insulting the waitress and the customers." For "about half an hour," Rodriguez repeatedly told appellant to leave and threatened to call the police, but appellant refused.

Rodriguez stepped outside to call the police and spoke to the 911 operator through a translator. Rodriguez was on the phone with the 911 operator for four or five minutes before appellant came outside. Appellant had his hand in his jacket, and he insulted Rodriguez in Spanish and accused Rodriguez of "talking to the police." Appellant "pulled out the weapon" and "came at" Rodriguez. Rodriguez "just saw [appellant] pull something out" and did not know at the time if it was a gun or "something sharp." Because appellant was drunk, he missed Rodriguez, and Rodriguez was able to see that appellant had a knife with a blade "about 6 inches" long. Appellant attempted to stab Rodriguez again, and Rodriguez ran away. Rodriguez was able to hide quickly behind a truck, and he could see appellant urinate and then go to a liquor store nearby. Through the translator, Rodriguez described what he was seeing to the 911 operator.

–2–

On cross-examination, defense counsel questioned Rodriguez about his written statement to police saying appellant took out the knife while inside the restaurant and chased Rodriguez outside. On redirect examination, Rodriguez testified appellant pulled a knife on him outside the restaurant. Rodriguez testified his confidence level that appellant had a knife was "eight out of ten."

Plano police officer Lance Buckley testified he was called to the scene and approached Rodriguez, who was still talking on the phone. In response to questioning, Rodriguez pointed to where appellant was standing on a corner across the street. Appellant crossed a side street to the next corner where Buckley stopped him and took him into custody. Appellant was "argumentative and confrontational," and he was slow to respond to Buckley's demands to stop and put his hands up. When asked to describe appellant's mental state, Buckley testified appellant was "highly intoxicated," his pants were unzipped, and he was "unbalanced when he was walking." After appellant was taken into custody, Buckley transported appellant back to the parking lot outside the restaurant, and other officers scanned the area looking for the weapon that still had not been located. One of the officers "went across where we saw [appellant] walking originally and located a knife." Using a map of the area, Buckley was able to indicate appellant's position when Buckley first saw appellant and when he stopped appellant.

Buckley testified he asked Rodriguez about the knife, and Rodriguez said the knife had a black handle and a metal blade. The State introduced Buckley's body

–3–

camera footage showing the police discovering a knife with a black handle in the place where Buckley first saw appellant standing. Defense counsel objected to "hearsay statements" made by another officer on the video and asked the court to disregard those statements. The trial court said the video was "admitted with the defense preserving their hearsay objections, and the Court, as trier of fact, will exclude those from consideration."

On cross-examination, Buckley testified Rodriguez "talked about a switchblade, and then a black handle blade or black handle knife." In response to questioning, Buckley testified appellant "walked right by" the place where the knife was found. On redirect, Buckley testified Rodriguez' level of English is "limited," and Buckley was asking Rodriguez "these questions about a particular knife and asking him to describe a knife in English."

Plano police sergeant Erin Thornton testified she arrived at the scene two or three minutes after the call was dispatched and spoke with Rodriguez about the knife. Rodriguez' English was "poor," but he "was waving his arm around demonstratively" depicting a knife "coming at or slashing him," and he said the word "knife." Thornton testified the knife was found in an area she saw appellant walk by ten yards from where appellant was apprehended. The knife was "sitting on top of the grass," and it was "clean, dry, pristine." The knife had a serrated blade and a "thumb hole to allow it to be rapidly opened." Thornton testified the knife was "absolutely" capable of killing somebody, and she would classify the knife as a

deadly weapon. The trial court found appellant guilty of aggravated assault with a deadly weapon, and this appeal followed.

In a single issue, appellant argues the evidence is insufficient to support his conviction. Specifically, appellant argues Rodriguez' testimony was not credible, there were no witnesses that testified to corroborate Rodriguez' testimony, and the knife that police found was not checked for fingerprints, lethality, or DNA.

Although appellant purports to challenge the factual sufficiency of the evidence to support his conviction, the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under *Jackson*, when reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The trial court as fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Hacker v. State*, 389 S.W.3d

–5–

860, 865 (Tex. Crim. App. 2013). Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple*, 390 S.W.3d at 360.

A person commits the offense of aggravated assault if the person commits assault as defined in penal code section 22.012 and the person causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a). As relevant here, "deadly weapon" means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B); *see Lane v. State*, 151 S.W.3d 188, 191 n.5 (Tex. Crim. App. 2004) (almost anything can be a deadly weapon depending on the evidence shown).

In attacking the credibility of Rodriguez' testimony, appellant argues Rodriguez did not know whether the weapon he saw was a gun or a knife. On direct examination, Rodriguez testified appellant pulled out a weapon that Rodriguez could not immediately identify as a gun or "something sharp." However, the second time appellant attacked Rodriguez with the weapon, Rodriguez testified he saw that it was a knife. As the sole judge of the credibility of the witnesses and the weight to be given their testimony, the trial court could have believed Rodriguez' testimony that appellant twice attempted to slash him with a black-handled knife. *See Hacker*, 389 S.W.3d at 865. To the extent appellant argues there were no witnesses to corroborate Rodriguez' testimony, the testimony of a sole witness to an offense may constitute

–6–

legally sufficient evidence to support a conviction. *Shah v. State*, 414 S.W.3d 808, 812 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

Appellant argues the State was unable to prove the knife in this case belonged to appellant or that it was used in the commission of the offense. Before the knife was recovered by police, Rodriguez described appellant using a knife against him and described the knife as having a black handle. The knife police found had a black handle, and the knife was located in a place where Buckley first saw appellant standing. We conclude this evidence was legally sufficient to support the trial court's determination that the knife recovered by police belonged to appellant and was used in the commission of the assault upon Rodriguez. *See Temple*, 390 S.W.3d at 360.

Appellant also argues the knife is not a deadly weapon and he did not threaten Rodriguez. Rodriguez testified that appellant twice attacked him with the knife, and appellant would have stabbed Rodriguez if Rodriguez had not moved. In talking with Thornton, Rodriguez used hand gestures to depict a knife "coming at or slashing him," and he said the word "knife." Thornton testified that the knife police found was a deadly weapon. We conclude this evidence was legally sufficient to show appellant threatened Rodriguez with the knife, and the knife was a deadly weapon which, by its use or intended use, was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B); *Temple*, 390 S.W.3d at 360.

Finally, appellant argues the unredacted body camera videos, State's Exhibits 6 and 9, contained hearsay, did not corroborate the evidence, and were more prejudicial than probative.  As to Exhibit 6, appellant's objection was to hearsay statements made by another officer on the video, and the trial court sustained appellant's objection and excluded those statements from consideration.  Appellant's objection to Exhibit 9 was to hearsay statements made by Thornton on her video.  The trial court did not rule on this objection.  Thus, the trial court expressly excluded the objected-to evidence in Exhibit 6 and did not rule on appellant's objection to Exhibit 9.  *See* TEX. R. APP. P. 33.1(a) (as prerequisite to presenting complaint for appellate review, record must show trial court ruled on objection).  Moreover, our review of "all of the evidence" includes evidence that was properly and improperly admitted.  *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Under the facts and circumstances of this case, we conclude the evidence is legally sufficient to support appellant's conviction.  *See Jackson*, 443 U.S. at 319; *Temple*, 390 S.W.3d at 360.  We overrule appellant's sole issue.

We affirm the trial court's judgment.


/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191479F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUAN TINOCO BARAJAS,
Appellant

No. 05-19-01479-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-81738-
2019.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.


Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered June 17, 2021