**AFFIRMED and Opinion Filed May 5, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00340-CR

**JONATHAN ASHLEY JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-19-0967**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

The State indicted appellant Johnathan Ashley Johnson with the second-degree offense of aggravated assault with a deadly weapon. The jury found him guilty. The trial court assessed punishment, enhanced by a prior felony conviction, at thirty-five years' imprisonment. In a single issue, appellant argues the evidence was legally insufficient to support his conviction because no rational jury could conclude his hands constituted a deadly weapon. Because the evidence was sufficient to support his conviction, we affirm the trial court's judgment.

**Background**

Appellant and Amanda Paramore's relationship was "great" until they got involved with drugs. Their relationship deteriorated, and fights often escalated into violence and police intervention.

On October 18, 2019, appellant and Amanda, along with the couple's twin six-month-old daughters, went to a hotel in Royce City. After a long day at work, Amanda wanted to go to bed. Appellant got angry when she did not want to talk and left. He returned shortly thereafter, and a fight ensued. Appellant repeatedly punched Amanda in the face and twisted her neck. Appellant said he wanted to kill her.

Amanda did not immediately report the incident because she was used to appellant's behavior and "didn't really see the point." She changed her mind when CPS told her she needed to report the incident, or they would take away her children.

On October 30, 2019, Amanda met with Sergeant Jaime Torrez to discuss the incident. He noticed some bruising and discoloration on the right side of her face, her eye, her check, and her neck. He described Amanda's demeanor as very scared, uncomfortable, and fidgety because she was worried appellant would see her car at the police station.

The State subsequently indicted appellant as follows:

> [O]n or about the 18th day of October, 2019 . . . [defendant] did then and there intentionally, knowingly, or recklessly cause bodily injury to Amanda Paramore by punching Amanda Paramore in the face or head, and by forcefully twisting Amanda Paramore's neck, and the defendant

did then and there use or exhibit a deadly weapon, to wit: defendant's hands, during the commission of said assault [.]

Sergeant Torrez obtained an arrest warrant for appellant. They made several unsuccessful attempts to apprehend him. Appellant was arrested on February 23, 2020. When the case went to trial, Amanda was a reluctant witness the State subpoenaed to testify. A jury convicted appellant of aggravated assault with a deadly weapon. The trial court assessed punishment, enhanced by a prior felony conviction, at thirty-five years' imprisonment. This appeal followed.

## Standard of Review and Applicable Law

In reviewing a legal sufficiency challenge, we examine the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Davis v. State*, No. 05-08-01683-CR, 2011 WL 5142427, at *2 (Tex. App.—Dallas Nov. 1, 2011, no pet.) (op. on remand, not designated for publication). We review all the evidence in the light most favorable to the verdict and assume the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences supporting the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

The Texas Penal Code defines a "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(17)(B). A hand is not per se a deadly weapon but may be a deadly weapon depending on the evidence shown. *See Lane*

–3–

*v. State*, 151 S.W.3d 188, 191 (Tex. Crim. App. 2004) (citing *Turner v. State*, 664 S.W.2d 86, 90 (Tex. Crim. App. 1983)); *see also Little v. State*, No. 05-14-00697-CR, 2015 WL 5022283, at *4 (Tex. App.—Dallas Aug. 25, 2015, pet. ref'd) (mem. op., not designated for publication).

The State is not required to prove that appellant actually intended to cause serious bodily injury or death or that his hands actually caused serious bodily injury or death. *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008); *Hopper v. State*, 483 S.W.3d 235, 239 (Tex. App.—Fort Worth 2016, pet. ref'd). If the totality of the evidence showed appellant's hands were capable of causing serious bodily injury or death in the way he used them, the jury was authorized to find that appellant's hands qualified as a deadly weapon. *Hopper*, 483 S.W.3d at 239.

The totality of the evidence that a jury may consider in determining whether an object was used as a deadly weapon includes the physical proximity between the victim and the object, any threats or words used by appellant, the manner in which appellant used the object, testimony by the victim that she feared death or serious bodily injury, and testimony that the object had the potential to cause death or serious bodily injury. *Id*. Injuries, if any, inflicted on the victim are also considered in determining whether a hand was used as a deadly weapon. *Lane*, 151 S.W.3d at 191; *see also Yates v. State*, No. 05-09-01214-CR, 2011 WL 2176654, at *4 (Tex. App.—Dallas June 6, 2011, pet. ref'd) (mem. op., not designated for publication). No one factor is determinative, and each case must be examined on its own facts. *See*

–4–

*Goodemote v. State*, No. 04-20-00209-CR, 2021 WL 2667688, at *3 (Tex. App.—San Antonio June 30, 2021, pet. ref'd) (mem. op., not designated for publication).

**Discussion**

In a single issue, appellant challenges the legal sufficiency of the evidence supporting the deadly weapon finding. Considering the totality of the circumstances in the light most favorable to the verdict, the evidence supports the jury's finding that appellant used his hands as a deadly weapon during the assault.

Amanda's testimony indicated appellant was near her. *See Hopper*, 483 S.W.3d at 239 (physical proximity between victim and object relevant to deadly weapon consideration). Amanda described appellant punching her in the face and causing her to fall. She explained how appellant kept "trying to twist [her] head around" and break her neck. She kept moving her neck with him and contorting her body so he could not break it. *Id*. (considering manner in which object used).

Appellant said he wanted to kill her. *Id*. (considering threats and words used in determining whether object used as a deadly weapon). After twisting her neck, he beat her face so badly that she described it as "embarrassing." She estimated appellant punched her more than ten times with a closed fist. She lost consciousness at some point but was unsure for how long. She woke up to appellant holding her, apologizing, and saying, "I'm sorry. Please don't die."

Pictures taken a few days after the assault showed her deeply bruised eyes and almost completely black right ear. Another picture showed bruising on her lower

–5–

jaw and neck. She had pronounced bruising on her face for about two weeks. For about six weeks, she suffered effects from a concussion, including problems laying down and sitting up, pain on the right side of her face, and she experienced head spinning and pounding. *See, e.g.*, *Lane*, 151 S.W.3d at 199 (concluding hands used as deadly weapon when defendant punched victim causing a concussion, unconsciousness, bruising, nausea, vomiting, dizziness, and pain); *see also Goss v. State*, No. 05-05-00463-CV, 2006 WL 874283, at *2 (Tex. App.—Dallas Apr. 6, 2006, pet. dism'd) (mem. op., not designated for publication) (concluding hands used as deadly weapon when defendant grabbed victim by the throat, choked her causing her to struggle to breathe, and she thought she was going to die). Though appellant had beaten her in the past, Amanda testified this beating was "probably the worst one."

Sergeant Torrez testified he believed appellant used his hands as a deadly weapon because of the bodily injury caused by appellant's repeated punching of Amanda's face and twisting her neck to the point the neck normally stops, which caused her headaches and facial bruising. *See Hopper*, 483 S.W.3d at 239 (considering testimony that object had potential to cause death or serious bodily injury in totality of circumstances review). He testified her facial assault was the worst he had seen in his twenty-three years' experience.

Appellant cites *Davis v. State*, 533 S.W.3d 498 (Tex. App.—Corpus Christi-Edinburg 2017, pet. ref'd), a rare case concluding that the evidence was legally

insufficient to support a deadly weapon finding, to argue the evidence was legally insufficient to support his conviction. That case, however, is easily distinguishable. The victim in *Davis* did not testify that he was afraid for his life or for being seriously injured during the fight, and unlike Amanda, he never lost consciousness from being hit in the head with closed fists. Instead, he received "a few punches" from the defendant that caused some bruising, a facial laceration requiring stitches, and a brief trip to the emergency room. *Id*. The fact that Amanda did not seek medical treatment does not minimize the extent of her injuries or foreclose the jury's determination that appellant used his hands as a deadly weapon.

After due consideration and taking into account the specific acts and injuries, we conclude that the evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that appellant used his hands as deadly weapons as defined under the penal code. We overrule appellant's sole issue.

## Conclusion

The judgment of the trial court is affirmed.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210340F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN ASHLEY JOHNSON,
Appellant

No. 05-21-00340-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 2-19-0967.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 5, 2022